12   379
.127   252
12   379
50a   661
12   379
175   374

LESTER H. MAGHER, survivor, &c. Pltff in Error, *v.* CALVIN W. HOWE *et al.,* Defts in Error.

### ERROR TO McHENRY.

A warrant of attorney to confess a judgment is no part of the record, nor is an affidavit, showing the death of one of the makers of it; to make them such, they should be embodied in a bill of exceptions.

This was a judgment by confession, entered at the April term, 1850, of the McHenry Circuit Court, Henderson, Judge, presiding.

The plaintiffs in the Court below, produced a note signed L. H. Magher, and N. W. Birge, with a warrant of attorney, authorizing a judgment to be confessed thereon; upon this note a declaration was filed, and a plea confessing, &c., the affidavit proving the signatures to the warrant of attorney, states that Noah W. Birge has, since the making of the said note and power of attorney, departed this life. Magher sued out this writ of error, assigning, that it was error in the Circuit Court, to enter the judgment by confession, upon the warrant of attorney, signed by Birge after his decease.

LOOP & HURLBUT, for Pltff in Error.

Warrants of attorney are special powers, and to be strictly pursued. 18 Johns., 363; 13 Johns., 307. Joint and several warrant of attorney, one dies, judgment against survivor, held to be without authority. Hunt *v.* Chamberlain, 3 Halsted, N. J. R., 336; cited 7 Am. Com. Law Cases, 395. To the same point. 15 East, 592; 7 Taunt., 453; 1 Chitt., 322; cited Graham's Prac., 771.

FULLER & BURGESS, for Defts in Error.

There is nothing in the record proper, in this cause, upon which the errors assigned can be brought before the Court.

The warrant of attorney and affidavit are no part of the record. They are papers upon which the motion for judgment is founded. See forms of records upon judgment by confession. Arch. Forms, 331, and Tidd's Prac., 500; 2 East, 136, where the rule adopted, requiring them to be filed.

The proper mode of taking advantage of want of authority in an attorney to appear for a party, is by motion in the Court below. Ransom *v.* Jones, 1 Scam., 293. Then the matter comes up on bill of exceptions, embodying papers filed in the cause.

The Court below can give such relief in cases of this sort, as to justice belongs. Lyon *v.* Boilvin, 2 Gil., 635; 6 Johns., 300.

The warrant is sufficient authority. It is a covenant or agreement under seal, see 11 Ills., 622, by makers of note with the plaintiffs below, (executed at the same time and on the same sheet of paper as the note,) that a judgment by confession may be entered on note, when due, if not paid. It is therefore under our statute, 299, §3, several as well as joint, and remains good as to the survivor, in all its parts and powers.

The death of Birge happened during the term, and after the first day. Judgment might have been entered against both, at any time during that term. Tidd's Practice, 496; 6 T. R., 368, 7 T. R., 21; 2 Strange, 882, 1081.

TREAT, C. J. This record presents this state of case. A declaration against Magher, as survivor of Birge, on a promissory note, made by Magher and Birge. A plea, confessing the cause of action, and consenting that judgment may be entered. Then follows an order of the Court, which recites the production and

proof of a warrant of attorney, authorizing a confession of judgment against the defendant, and proceeds to enter a judgment accordingly. It is now insisted, that it was irregular and erroneous to enter up a judgment against the survivor, on a warrant of attorney, executed by the debtors jointly. It is contended, that a warrant of attorney to confess a judgment, is a special power that must be strictly pursued, and several English cases are referred to, which seem to sustain the position. But this question is not legitimately presented by the record, and it is, therefore, useless to enter upon its discussion. The warrant of attorney is not properly in the record. We do not judicially know that it was executed by both of the makers of the note. The conclusion that it was executed by Magher after the death of Birge, is perfectly consistent with the statements of the record. The clerk has copied into the transcript a warrant of attorney, purporting to be executed by both of the debtors, and an affidavit showing the death of Birge, on a subsequent day. But these papers do not thereby become a part of the record. They constituted the evidence on which the Court acted in entering the judgment, and, like any other evidence produced during the progress of a case, form no portion of the record, unless introduced into it by a bill of exceptions. If the defendant desired to present the question, he should have tendered a bill of exceptions to the decision of the Court, and in that way have incorporated the papers into the record of the case. Saunders *v.* McCollins, 4 Scam., 419; Corey *v.* Russell, 3 Gil., 366; Petty *v.* Scott, 5 *ibid*, 209. The judgment is affirmed.

*Judgment affirmed.*