WILLIAM S. Moss, Appellant, v. THOMPSON J. S. FLINT et al., Appellees.

APPEAL FROM TAZEWELL.

The Circuit Court may, on an appeal from a justice of the peace, allow an amendment of the original summons; especially if there is any thing in the proceedings to amend by.

A mistake in the Christian name of one of several plaintiffs, should be taken advantage of by plea in abatement; it is too late to raise such an objection after trial upon the merits, before a justice of the peace.

In order to bring the evidence offered on the trial before the Supreme Court, it must be contained in a bill of exceptions, or so referred to and by express terms made

Moss *v.* Flint et al.

part of the bill, in such way that it shall clearly be presented under the sanction of the judge who tried the cause.

THIS cause was heard before DAVIS, Judge, and a jury, at the September term, 1851, of the Tazewell Circuit Court.

The opinion of the court contains a statement of the case.

N. H. PURPLE, for appellant.

H. O. MERRIMAN, for appellees.

TRUMBULL, J. This was an action originally commenced before a justice of the peace on an account in favor of " Thompson J. S. Flint, Daniel J. T. Thompson, and Richard Flint, partners, under style of Flint & Co." The summons issued by the justice required the defendant to answer the complaint of " Thompson J. S. Flint, *David* J. S. Thompson, and Richard T. Flint, partners, under style of Flint & Co."

At the return-time of the summons before the justice, both parties appeared, and by consent the cause was continued till another day, when a trial was had and judgment entered against the defendant for seventy-eight dollars and costs.

The defendant appealed to the Circuit Court, where, after several continuances, he filed exceptions to a deposition taken by plaintiffs; because it did not appear to have been taken in a cause between the parties named in the original summons issued by the justice of the peace; and, therefore, the Circuit Court, on motion of the plaintiffs, allowed the original summons to be amended by changing the name of *David* J. S. Thompson to Daniel J. S. Thompson; and the allowing of this amendment presents the only question in the case.

With the exception of some of the middle letters in a few instances, which are not material, it having been often held that a middle letter constitutes no part of a person's name, the names of the plaintiffs are correctly written in all the proceedings except in the original summons.

An examination of the record shows this to have been the case upon the docket of the justice, in the judgment entered by

him, in the appeal-bond given by the defendant, in the transcript sent to the Circuit Court, and in the summons issued by that court to the appellees.

If any amendment of the original summons was necessary, after all these proceedings, there can be no doubt of the authority of the Circuit Court to allow it. The account filed with the justice of the peace had the names of the plaintiffs correctly written, and they were moreover described as " partners, under style of Flint & Co.," both in the account and summons which was issued. The defendant knew full well when he was summoned to answer, and could not have been surprised by the amendment. David was written for Daniel, as clearly appears, by misprision of the magistrate. The account on file afforded something to amend by. Not to allow the amendment, under the circumstances of this case, would demand a precision and nicety in proceedings before justices of the peace scarcely required by the strictest rules of special pleading in a court of record, and would have been directly in the teeth of the statute, which declares, that in the Circuit Court " no exception shall be taken to the form or service of the summons issued by the justice of the peace, nor to any proceedings before him."

There is, however, another conclusive answer to the defendant's objection to the amendment of the summons, as well as his motion in arrest of judgment. His objection, that there was a mistake in the Christian name of one of the plaintiffs, if it could have availed him at any time in this case, came entirely too late. Such a mistake can only be taken advantage of by plea in abatement, and it was too late to raise the objection, for the first time, after going to trial upon the merits before the justice. 1 Chitty's Plead. 451; Salisbury v. Gillet, 2 Scam. 290.

The question sought to be raised, upon the exclusion of certain depositions of the defendant, is not presented by the record. The depositions are not contained in or made part of the bill of exceptions. They are not, therefore, properly before us, and we cannot know but they may have been wholly irrelevant, and therefore properly excluded. In order to bring the evidence offered on the trial before this court, it must be contained in a

bill of exceptions signed and sealed by the judge; or, at all events, if not incorporated into the bill of exceptions, which is the correct practice, it must be particularly referred to, and, by express terms, made part of the bill in such a way that it shall clearly come before this court under the sanction of the judge who tried the cause. It is by virtue of the signature and seal of the judge, that the papers not otherwise constituting part of the record are incorporated into it, and not in consequence of their being copied into the record by the clerk who makes out the transcript. McLaughlin *v.* Walsh, 3 Scam. 185; Petty *v.* Scott, 5 Gilm. 209; Mogher *v.* Howe, 12 Ill. 379.

*Judgment affirmed.*