## GEORGE PARRY
### v.
## J. M. ARNOLD.

*Contract—Storage—Presentation of Bill—Long Delay in—Practice—Rule 21.*

1. In the absence from appellant's abstract of any exception taken to rulings of the trial court and the instructions given or refused in a case stated, this court will not look into the record to supply the omissions.

2. In an action brought to recover an amount c'aimed to be due for the storage of a machine, this court holds, the contention of the defendant being that the rate of charges was inserted in the application for storage after he signed the same, that a bill sent to him covering such claim and the letter written by him in reply thereto were admissible in evidence in his behalf, and declines to interfere with the judgment in his favor.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. G. FRANK WHITE, for appellant.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellee.

GARY, P. J. Where the abstract prepared by the appellant does not show an exception, the court will not look into

Parry v. Arnold.

the record to see if one was taken, and where the abstract does not contain the instructions the record will not be referred to to supply the omission.    Rule 21 is, in fact as well as form, a rule.

This is an action for storage on a machine left by the appellee with the appellant, on which the appellant advanced to the appellee $25, and the question before the jury was whether that money was a loan to be repaid by the appellee, together with storage charges, or whether the appellant took the machine to do what he pleased with it, so far as the appellee was concerned, and with no recourse upon the appellee for money advanced or storage charges.

The appellant produced an application from the appellee to the appellant, upon a printed blank, beginning, " store for me in your warehouse," some portion of the printed part of which was erased, but which contained no promise in express words to pay anything.    The appellee testified that the rate of storage was inserted after he signed it, as the result of a conversation, that as he was to pay no storage, it made no difference what rate was inserted.    The transaction was in April, 1885.    About the end of January, 1887, the appellant sent to the appellee a bill, which the appellee returned in a letter. That bill and the letter were put in evidence by the appellee. To the foregoing evidence of appellee the appellant presented exceptions.    It was all admissible.    It was for the jury to say whether the rate of storage was inserted after signature, and if so, whether as a part of a contract between the parties or for some other purpose ; and it being disputed that the rate was inserted after signature, the long delay of the appellant in making any claim was a circumstance which the appellee had the right to present for the consideration of the jury in corroboration of his testimony; and then it followed that he had the right to show that when a claim was made he did not acquiesce, and thereby impliedly admit the justness of the claim.    There is no error of law, and the verdict of the jury settles the facts.    Judgment affirmed.

*Affirmed.*