CANUTE R. MATSON

v.

W. J. LALLY ET AL.

*Replevin—Retorno habendo—Refusal to award—Dismissal—Practice—Evidence.*

1. A court of review can not undertake to judge whether the court below decided rightly in a given case, unless the basis of the decision appears in the record.

2. This court sustains a refusal to award a *retorno habendo* in an action of replevin, instituted before a justice and dismissed by the plaintiffs upon appeal by the defendant from a judgment against him.

[Opinion filed December 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. PARKHURST & JACKSON and S. B. FOSTER, for appellant.

Messrs. CRATTY BROS. & ASHCRAFT, for appellees.

GARY, J. The appellees, before a justice of the peace, recovered a judgment against the appellant in an action of replevin, from which the appellant appealed to the Superior Court. There the appellees dismissed the suit, but the court

refused to award a *retorno habendo*. That refusal is assigned as error. The whole bill of exceptions, omitting the formal parts, is as follows:

" Thereupon the counsel for the defendant requested the court to award to the defendant a writ of *retorno habendo* for the property replevied in this action; whereupon it was stated to the court by counsel for the plaintiffs, that plaintiffs would resist the entering of such an order; that when this action was brought against the defendant, the defendant had possession of the goods replevied, claiming the right to the possession of them by virtue of a certain execution in defendant's hands as sheriff of Cook county, Illinois, in favor of Timothy D. Hurley and against J. B. Hean & Co.; that immediately upon the plaintiffs obtaining possession of the goods, by virtue of their writ of replevin, the said Timothy D. Hurley seized and took the same from the plaintiffs, by virtue of a writ of replevin against the plaintiffs, claiming same as execution creditor, and had continued to hold the said goods, and now had possession of them; whereupon counsel for defendant admitted the statement of counsel for plaintiffs to be true, but denied that the facts were sufficient to warrant the court in refusing to award a writ of *retorno habendo*.

"Be it also remembered that, on the first day of February, 1890, the defendant moved the court to grant an order of *retorno habendo* in this cause, and submitted to the court what the defendant claimed to be a statement of the facts in the case, and that afterward, on the 12th of February, 1890, at the February term of this court, an order was entered by this court denying said motion, and refusing to award a writ of *retorno* of said property."

If we were informed " what the defendant claimed to be a statement of the facts in the case," we should have what we should at least call an opinion as to the right or wrong of the refusal of the *retorno habendo*. In the absence of that information we must presume that the court decided rightly upon facts admitted by the then defendant, now appellant. That legal presumption overcomes the presumption of fact that the appellant did not, by his statement, give away his case.

Although in Vinyard v. Barnes, 124 Ill. 346, where it was held that it was to be presumed that the court rightly withheld a *retorno habendo*, the question arose collaterally in an action upon the replevin bond, yet in all the cases there cited as authority upon that point, the question was in direct proceeding to review the judgment on error or appeal.

The cases are very numerous in this State, from Swain v. Cawood, 2 Scam. 505, down to the present time, that a court of review " can not undertake to judge whether " the court below decided rightly or not, unless the basis of the decision appears in the record. And most frequently the defect has been in bills of exceptions, as in L. E. & St. L. R. R. v. Harlan, 31 Ill. App. 544. To cite the cases, so easily found, would be a vain parade. The judgment is affirmed.

*Judgment affirmed.*