# A. S. WRIGHT

*v.*

# G. W. GRIFFEY.

*Filed at Ottawa March 31, 1893.*

1. PRACTICE—*vacating judgment by default—discretion and presumption.* The court has the discretionary power to vacate a judgment by default, rendered at the same term, and its action in that regard can only be reversed for an abuse of discretion; and when the trial court sets such judgment aside, it will, in the absence of a contrary showing by the record, be presumed that it proceeded regularly and upon sufficient evidence.

2. INSTRUCTIONS—*reference to evidence—presumption.* Where instructions contain propositions of law applicable to the case made by the pleadings, the question whether they are misleading can only be determined by looking into the evidence produced upon the trial, and if the evidence is not properly preserved in the bill of exceptions, it will be presumed that the instructions were proper.

3. BILL OF EXCEPTIONS—*amendment.* That a bill of exceptions may, upon proper notice and proceedings, be amended, is well settled. But a mere order allowing such amendment must be availed of by an amendment in fact, and the clerk must copy the omitted evidence into the bill. It is not sufficient that the clerk shall merely copy the same into the record.

4. SAME—*mode of preserving evidence.* The clerk of a trial court has no power to certify to the evidence heard upon a trial. It can only be preserved by a bill of exceptions signed and sealed by the judge. If the evidence is not copied into the bill itself, it must be particularly referred to, and by express terms made a part of it in such a way that it shall be clearly presented, under the sanction of the judge who tried the case.

5. It is by virtue of the signature and seal of the judge that the papers, not otherwise constituting part of the record, are incorporated into it, and not in consequence of their being copied into the record by the clerk who makes out the transcript.

6. A bill of exceptions stated that the depositions of four witnesses, giving their names, were read in evidence, but the depositions were not set out or in any manner made a part of the bill. On application the trial court directed the amendment of the bill by inserting the words, "the clerk will here insert the same," after each of the names of the witnesses whose depositions were mentioned as having been read.

The clerk, in making up the record of such amendment, after copying the same and the order granting the leave, recited : "And heretofore, to-wit, on, etc., there was opened and filed in the office of the clerk of said court certain depositions, which are in the words and figures as follows, to-wit:" The clerk then copied the depositions of the witnesses whose names corresponded with those named in the bill of exceptions : *Held,* that the leave to amend was not availed of, and that the depositions could not be considered.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, and Mr. FRED L. BROOKS, for the appellant :

Where a bill of exceptions, through inadvertence or mistake, is incorrect, it may, upon due notice, at a subsequent term, be amended ; and matters which can be identified as having been put in evidence at the trial, although not in the original bill of exceptions, will be considered by an appellate court, if properly in the record and before it. *Heinsen* v. *Lamb,* 117 Ill. 550 ; *People ex rel.* v. *Anthony,* 129 id. 231 ; *Brooks* v. *Bruyn,* 40 id. 54 ; *Garrick* v. *Chamberlain,* 94 id. 588.

Although the right of a trial court to set aside a default and judgment is discretionary, yet such action of the court is reviewable on appeal or error, if such discretion has been abused or is unreasonable. *Schroer* v. *Wessel,* 89 Ill. 113 ; *Andrews* v. *Campbell,* 94 id. 577 ; *Hinckley* v. *Dean,* 104 id. 631 ; *Mason* v. *McNamara,* 57 id. 277 ; *Dunlap* v. *Gregory,* 14 Bradw. 601.

Messrs. RUNNELS & BURRY, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

To the March term, 1891, of the Superior Court of Cook county, appellant filed his declaration in assumpsit, together with an account, verified by affidavit, against appellee, to recover the sum of $4317.67. During the April term of said

court the following orders were made in the case: On the 9th, judgment by default was entered for the amount of said account and costs of suit. On the 21st, appellee entered his motion to vacate that judgment and for leave to plead, but his motion was overruled, and he prayed an appeal. On the 25th, he was allowed to withdraw his appeal and file pleas, but it was ordered that said judgment by default should stand as security to the plaintiff for his claim against the defendant. On the 28th, a plea of the general issue was filed, together with a notice, under the statute, of special defenses, of accord and satisfaction, and set off. On the 14th of May so much of the order of the 25th of April as allowed the judgment by default to stand as security for plaintiff's claim was set aside. On the 25th of the same month appellant entered his motion to set aside all orders vacating said judgment, which motion was overruled. Thereupon a trial by jury was had, resulting in a verdict and judgment for appellee for $418.17, and costs of suit, which judgment has been affirmed by the Appellate Court.

The questions of law attempted to be raised on this appeal are, first, the Appellate Court erred in refusing to consider the case upon its merits because of the insufficiency of the bill of exceptions; second, the trial court erred in setting aside the judgment by default against appellee; and third, the trial court erred in instructions given to the jury on behalf of the appellee.

The first of the above errors is assigned on the opinion of the Appellate Court rather than upon the record, but the same question will properly arise in passing upon the other point made.

There is no pretense that the facts upon which the trial court set aside the judgment by default against appellee are in any manner preserved in the record. That the court had the discretionary power to vacate that judgment at the time the order was made, and that its action in that regard could only be reversed for an abuse of discretion, admits of no argu-

ment. The presumption being that the court proceeded regularly and upon sufficient evidence, there is no ground for saying the judgment was not set aside for good cause shown.

Objection is made to the second, third, fourth and fifth instructions given on behalf of the appellee, but no attempt is made to point out any specific objection to either of them. As propositions of law applicable to the case made by the pleadings, they are free from objections. The most that could be said of them would therefore be, that under the facts of the case they were misleading, which could only be determined by looking into the evidence produced upon the trial, and this raises the question as to the sufficiency of the bill of exceptions.

The bill of exceptions, signed by the judge who tried the case, stated that the depositions of four witnesses, giving their names, were read in evidence by appellee, but the depositions were not set out or in any manner made a part of the bill, and it is conceded that it did not present the evidence in the case so that it could be properly considered by the Appellate Court. While the case was pending there, appellant entered a motion in the case, in the trial court, for leave to amend said bill of exceptions by inserting the words, "the clerk will here insert the same," after each of the names of the witnesses whose depositions were mentioned as having been read in evidence, which motion the court allowed. No amendment, however, was made to the bill of exceptions, but the clerk, in making up the record of said motion, after copying the same and the order granting the leave, recited: "And heretofore, to-wit, on the 25th day of June, 1891, there were opened and filed in the office of the clerk of said court certain depositions, which are words and figures as follows, to-wit." He then copied the depositions of the witnesses whose names correspond with those mentioned in the bill of exceptions. This record being certified to by the clerk as a complete copy of "certain affidavits on file in his office, and of a certain order,

etc., together with a certain amendment to the bill of exceptions of plaintiff, heretofore filed herein," was presented by appellant's counsel to the Appellate Court as an amended record, and it is now insisted that thereby the bill of exceptions was made complete.

That a bill of exceptions may, upon proper notice and proceedings, be amended, is well settled; but how it can be seriously contended that there was such an amendment in this case we are at a loss to perceive. The clerk of a trial court has no power to certify to the evidence heard upon a trial. It can only be preserved by a bill of exceptions, signed and sealed by the judge. If evidence is not copied into the bill itself, it must be particularly referred to, and by express terms made a part of it, in such a way that it shall clearly be presented under the sanction of the judge who tried the case. It is by virtue of the signature and seal of the judge that the papers not otherwise constituting part of the record are incorporated into it, and not in consequence of their being copied into the record by the clerk who makes out the transcript. (*Moss* v. *Flint et al.* 13 Ill. 570, and cases cited; *Newman et al.* v. *Ravenscroft*, 67 id. 496.) Here appellant, instead of having the clerk obey the instructions of the judge by copying the depositions read on the trial into the bill of exceptions, and certifying to it as amended, attempted to make certain depositions a part of the record by having the clerk certify that they were "opened and filed in his office." There was in this case no proper bill of exceptions signed by the judge as originally made, and while leave of court was obtained to amend it, that leave was not availed of.

We think the conclusion reached by the Appellate Court as to the sufficiency of the bill of exceptions, as shown by its opinion, was right. We find no error in the record.

*Judgment affirmed.*