## Chicago Consolidated Bottling Co. v. McGinnis.

1. NEGLIGENCE—*Question of Duty.*—The law does not require that the drivers of vehicles in the public streets, who may have stopped in their way, must, before starting, take such measures as are reasonably necessary to ascertain whether children have so attached themselves to the vehicles as to be hurt if the vehicles move.

2. APPELLATE COURT PRACTICE—*Lost Instructions.*—The Appellate Court can not pass upon instructions unless all the instructions given upon both sides are shown in the record. Where those of one party are lost, the court will presume that all the law in the refused instructions applicable to the case was in the lost ones.

**Memorandum.**—Action for injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

JAMES MAHER and DUNCAN & GILBERT, attorneys for appellant.

BLACK & FITZGERALD and A. B. CHILCOAT, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In June, 1890, the appellee, a child of seven years, was injured by falling from and being run over by a " pop

wagon," the property of, and driven by a servant of, the appellant.

The facts are that the wagon had stopped in front of a house, No. 550 West Ohio street, and the fourth house west of Wood street. The home of the child was at No. 553, nearly opposite. House No. 550 was the home of the mother-in-law of the driver of the wagon, and his wife was there. He left the wagon and went into the house, and remained, as a witness says, ten or twelve minutes.

There was a "helper" to the driver, but whether he also went into the house or remained on the wagon is disputed.

One woman testified that he went into the house; both the driver and the helper say he did not, and the helper says that he remained at the wagon arranging the bottles.

It must be taken as true on the record that the child, with others, was playing about the wagon, and that when the driver returned and started off at considerable speed, the child was upon a hanging step on the side of the wagon. There is nothing in the case showing that either of the men had notice that the child was there, though they might readily have seen him.

The conflict of evidence was for the jury to decide, and if both men left the wagon for several minutes unattended, and unsecured in any way by fastening the horses—then if the child were injured as a consequence, the case would, as to those features, be within the doctrine of Lynch v. Nurdin, 1 Q. B. 29 (1 Ad. & El. N. S.) 41 Eng. C. L. 422, often cited with approval by the Supreme Court. See the case stated in Weick v. Lander, 75 Ill. 93.

It appears that the route over which the duty of the driver would take him did not extend to No. 550 West Ohio nor west of Wood street—but that this was not the only time he went to his mother-in-law's. Now, there are two objec-tions to a recovery upon this state of facts.

First. The injury was not a consequence of leaving the wagon unattended.

In Lynch v. Nurdin, and cases of the same principle, the wrong was held to be in neglect of precautions, whereby

conditions were created under which the acts of strangers inflicted the injury.

The fastening of the team, which would have prevented the injury in those cases, would have had no influence in this; the climbing by the child upon the step was wholly independent of that incident.

Second. If it were, the act of so leaving it was performed while the wagon was diverted from the business of the appellant, and used to promote the pleasure of the driver. If we assume that, notwithstanding his departure from his route, injuries inflicted by him while driving, resulting from his manner of driving, would have charged the appellant as being within the scope of the employment of the driver or his discretion as to route, no such assumption can be made as to the act of abandoning temporarily the service of the appellant and leaving the property of the appellant without care.

It would be a vain effort to attempt to reconcile the multitude of cases. The text books cite them. Shear. & Red., Negl. p. 146. The rule is familiar. The difficulty is in the application. C., B. & Q. R. R. v. Epperson, 28 Ill. App. 72.

If this judgment can be sustained, it must be upon the ground that the law raises a duty, the omission to perform which is negligence.

That duty would be that the drivers of vehicles in the public streets, who have stopped in their way, must, before starting, take such measures as are reasonably necessary to ascertain whether children have so attached themselves to the vehicles as to be hurt if the vehicles move.

There is no such law.

It would be more impracticable, applied to ordinary vehicles, than to railway tracks or cars in public streets, and it don't exist as to them. Chi. & Alton R. R. v. McLaughlin, 47 Ill. 265.

We can not pass upon the instructions asked by the appellant and refused by the court. Those given for the appellee are lost, and we must presume that all law in the refused instructions applicable to the case was in the lost ones. Matson v. Lally, 37 Ill. App. 484.

The judgment is reversed and the cause remanded.