## Eliza A. Page v. Northwestern Brewing Co.

54 157
54 192
54 611
54 157
57 557

1, Bills of Exceptions—*Exhibits in Evidence.*—To make exhibits offered in evidence a part of the record, they must be incorporated into the bill of exceptions with proper words of identification.

Memorandum.—Error to the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the

March term, 1894, and affirmed.   Opinion filed April 19, 1894.   Opinion on rehearing filed May 8, 1894.

The opinion states the case.

STIRLEN & KING, attorneys for the plaintiff in error.

LACKNER & BUTZ, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case is governed by Spangenberg v. Charles, 44 Ill. App. 526.

The bill of exceptions recites, " I offer this lease in evidence.   The same was thereupon received in evidence, and marked Exhibit. A."   " I offer these receipts in evidence, being numbers 134 and 135, each dated March 25, 1893, each for the sum of $50, and the same were therefore received in evidence and marked defendant's Exhibits A and B."   Similar language is used as to other exhibits down to " I."

At the close of the evidence is inserted :   " Which was all the evidence offered or received on said hearing."   Then follow some propositions of law and the action upon them. Then without further words of identity, next preceding the finding by the court—there being no jury—are inserted several sheets, corresponding in description with the recitals in the bill.   It is a plausible, indeed a reasonable, inference, that these sheets are the exhibits referred to by the bill; but there is no statement in the bill that they are in fact the same.   Whatever against the interest of the plaintiff in error may be true, and not deny the statements of the bill, is to be presumed to be true.   Matson v. Lally, 37 Ill. App. 484.

It is upon this doctrine that bills of exceptions, in cases where this court is asked to review findings or verdicts upon the evidence, must state that they contain all the evidence; or if the refusal of instructions is complained of, that the bills must state that they contain all that were given.

The judgment is affirmed.

MR. JUSTICE GARY ON PETITION FOR REHEARING.

Since the original opinion was filed the appellant applied

for leave to file an addition to the record from the Circuit Court, *nunc pro tunc.*

The "*tunc*" was denied, but if it had been granted the addition is a mere nullity, being an order, entered upon the record below, that certain amendments be made to the bill of exceptions.

A bill of exceptions can not be made by an order, however specific, entered by the clerk upon the record, and it logically follows that no addition to a bill can be thus made. Wright v. Griffey, 146 Ill. 394; S. C., 44 Ill. App. 115.

Without the exhibits the propositions of law are not shown to have any relevancy to the case, and in the abstract it does not appear that the refusal of them was excepted to.    Parry v. Arnold, 33 Ill. App. 622.

" The appellant's abstract shows no such objection or exception, and said abstract must, as against the appellant, be deemed to be sufficiently full and accurate to present all the errors upon which it now relies." Chi., Peo. & St. L. Co. v. Wolf, 137 Ill. 360-4.

The appellant in the petition for rehearing, regards our concession of " a reasonable inference " as an acknowledgment that the bill is certain " to a certain intent in general " in the language of the books, and therefore that it stands the test " as a pleading of the party " laid down in Rogers v. Hall, 3 Scam. 5; but pleadings " must advance their positions of fact in an absolute form, and not leave them to be collected by inference and argument only." Stephen's Pleadings, 384.

An inference, not irresistible, is but conjecture more or less probable, and is no more reasonable here than in Stock Quotation, etc., v. Board of Trade, 144 Ill. App. 370, S. C., 44 Ill. App. 358, though the bill is nearer the mark here than there.

Glass v. Murphy, 4 Ind. App. 530, as to exhibits to code pleadings, is not much authority for the frame of bills of exceptions.

The petition must be denied.