## Charles E. Reeve v. Mary E. Peppard.

1. Bills of Exception—*Exhibits*.—The court will not consider exhibits read in evidence unless they are properly preserved in a bill of exceptions.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. Edmund W. Burke, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

A. P. Ingram and A. J. Bedard, attorneys for appellant.

P. T. Keily, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

In 1890, the appellant made a contract to sell to one Barbara Reese a lot. She sold her interest to the appellee, and a new contract was made between the appellant and the appellee, dated July 14, 1892, reciting that she had paid $195.09, on which contract she afterward paid $100 more.

The evidence is such that the jury doubtless believed that not only did the appellant not have any interest, nor any prospect of any interest in the lot described in the contract, but that he had no interest, nor prospect of interest, in any property in the vicinity. The evidence probably convinced the jury that the transaction on the part of the appellant was in the nature of what the statute alludes to as "confidence game."

She sued for money had and received, and recovered $295, and the appellant has appealed.

We are not at liberty to say whether the evidence justified the verdict, as the bill of exceptions shows that many documents were read in evidence which, in the bill of exceptions, are described as letters of certain dates from witnesses named, and some other papers, followed by the words "as Exhibit B," etc.; and then follows "papers introduced and marked Exhibits B, C, D and E." Later in the bill are mentioned Exhibits F and G.

Following the evidence, the instructions, and the denial of the motion for a new trial, are several pages, the first headed "Plaintiff's Exhibit A," of which no mention is made in the body of the bill, and the others with the same heading, except the letters are B, C, D, E, F, G; but there is nowhere any statement identifying the papers copied on those pages as the ones referred to in the body of the bill. The case is like Page v. Northwestern Brewing Co., 54 Ill. App. 157.

The instructions were more favorable to the appellant than can be justified, as they quite leave out of consideration the element of good faith on his part. The judgment is affirmed.