## James Mahon v. W. L. Gaither.

1. PROMISSORY NOTES—*Innocent Purchasers.*—A person who makes and delivers a promissory note purporting to be for value received, without taking any steps to inform himself as to the consideration received for the same, puts into circulation a negotiable evidence of indebtedness which he is bound to know is transferable by indorsement, and which may be assigned to an innocent purchaser for value.

2. SAME—*Transfers Before Maturity—Defenses.*—The maker of a promissory note, transferred before its maturity to an innocent purchaser for value, and without notice of fraud or failure or want of considera-

tion, can not, as against such purchaser, set up or maintain that no consideration was given for the note.

3. SAME—*Evidence of Failure of Consideration—When Incompetent.*—On the trial of an action upon a promissory note, at the suit of an innocent purchaser for value and before maturity, evidence of a failure of the consideration of such note is not competent.

4. EVIDENCE—*Hearsay—When Incompetent.*—The defendant made and delivered his promissory note and the payees thereof indorsed the same in blank. The plaintiff purchased the same of a third person, for value, before its maturity, and without notice of any defenses thereto. Under this state of facts, a statement by the defendant that the makers of the note and the person of whom the plaintiff purchased it both told him they were partners (plaintiff not being present), is hearsay evidence and incompetent.

5. PRACTICE—*Objections to Evidence.*—Objections to the admission of evidence on the trial of a case should be specific and made in apt time.

Assumpsit.—Promissory note; indorsee against maker. Appeal from the County Court of Wayne County; the Hon. JOHN L. COOPER, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed July 1, 1895.

HANNA & HANNA and BUNCH & BONHAM, attorneys for appellant.

CREIGHTON & KRAMER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was commenced by appellant in justice's court to recover on a note for $65, dated January 8, 1892, payable six months after date to the order of E. A. and J. A. Ford, with seven per cent interest, executed by appellee, and purchased by appellant of one Risley, assigned in blank by the payees. This note, with two others of like amount, were given to the payees by Gaither, for the right to sell a book in Vandalia county; some time after having given these notes, but at what time does not appear, Ford called on Gaither, who had learned there was no such county and the right was worthless, and Gaither so informed him. It was there agreed between them, that in full satisfaction of the three notes, Gaither should give Ford his note for $110, secured by chattel mortgage. Ford told him he had

but two of the notes with him, but promised to send the other to the circuit clerk when he sent the mortgage to be recorded, and Gaither could get it there. The latter accepted this promise, delivered the $110 note and mortgage and afterward paid the note to an assignee thereof, but the $65 note was not left with the clerk as promised, and Gaither never got it. We find the material facts as disclosed in the record, as follows : That appellee executed and delivered to the payees the note sued on, purporting to be for value received, and at the time he did this, had taken no steps to inform himself of a fact he afterward learned, viz., that he had received no consideration for the note. He thus put in circulation a negotiable evidence of indebtedness, which he was bound to know was transferable by indorsement, and which might be assigned to an innocent purchaser for value. Appellant did purchase this note before maturity, and paid for it its full value, without notice of any fraud or failure or want of consideration. As against him, appellee can not set up and maintain the defense that no consideration was given for the note sued on.

The testimony of appellee introduced to prove such defense was irrelevant, and his statement that Ford and the Risleys both acknowledged to him they were partners, appellant not being present, was hearsay and incompetent, and such fact, of itself, would be immaterial as affecting, in any way, the right of appellant to maintain his suit. The testimony of Walker and Rea to prove that Gaither had left $100 with Wall to pay the $110 note of Gaither, when the circuit clerk gave up the note to Wall, and that the note was not given up and the $100 was returned to Gaither, was also irrelevant. The only other witnesses on behalf of appellee were Crews and Walker, and we infer their testimony was introduced to contradict appellant's testimony that the note had been in his possession from February 20, 1892, until after maturity, and was then in possession of E. Bonham & Co., bankers, for collection, who returned it to him and he then sent it to his attorneys. Crews testified that in April, 1892, W. A. Risley had in his possession and offered to sell a $65 note signed by W. L. Gaither, payable to E. A.

and J. A. Ford, but also said he did not know whether or not it was the note in suit, and when shown this note said: " I don't know whether I ever saw this note or not; it looks like the one Risley had in April, 1892."

Walker testified Risley offered to trade him W. L. Gaither's note for $65, in August, 1893, but also testified he did not see the note. The statements of Risley, testified to, were mere hearsay, and incompetent; but aside from this, if all the testimony of these witnesses was properly admitted, because the objections thereto were not specific and in apt time, it is not sufficient to overcome the positive testimony of appellant, touching his continued possession of the note, and the corroborative evidence of his attorney, Bonham. We would suggest if this case is tried again, and it is desired to object to evidence for incompetency or irrelevancy, the objections should be made specific and at the time such evidence is offered, and exception should be taken then and there, and this should be made to appear in the bill of exceptions. The two instructions for defendant which were excepted to, had not the evidence to support them, and it was error to give them. For the reasons indicated we think no defense to the note was established, and that the court erred in overruling the motion for a new trial and entering judgment for defendant. The judgment is reversed and cause remanded.

Reversed and remanded.