## Albert J. Davis, doing business under the name of The Elgin Factory Building Co., v. J. A. Meskimen.

1. APPELLATE COURT PRACTICE—*Abstracts.*—The Appellate Court will not look into the record for instructions which do not appear in the abstract.

2. SAME—*Duty of Parties to Make Abstracts.*—It is the duty of parties bringing cases to the Appellate Court for review, to prepare and file complete abstracts of the record such as the court can rely upon.

Appeal from the Circuit Court of Lawrence County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

McGAUGHEY & MADDING, attorneys for appellant.

GEE & BARNES, attorneys for appellee.

OPINION PER CURIAM.

Counsel for appellee insists that this case be affirmed for failure on the part of appellant to comply with Rule No. 23, requiring a complete abstract or abridgment of the record. The point is well made, the abstract failing entirely to comply with the requirements of the rules. An index is not an abstract. Nineteen instructions were asked by the respective parties. Some were given, some refused, and some modified, and exceptions accordingly taken and discussed in counsel's brief. But three instructions appear in the abstract. The court will not look into the record for instructions that do not appear in the abstract. Parry v. Arnold, 33 Ill. App. 622; Mahon v. Gaither, 70 Ill. App. 434.

In other respects it is fatally incomplete. In passing upon an incomplete abstract, the Supreme Court say, in Gibler v. City of Mattoon, 167 Ill. 18 :

"It is the duty of parties bringing cases for review, to prepare and file complete abstracts of the record, that we can rely upon. It is not our duty to perform the work of counsel which in detail is to them inconsiderable, but when imposed upon us is in the aggregate extremely burdensome. It is not meant to be said that the record is voluminous in this case, or that the abstract is deficient in other respects not mentioned, but the rule is the same in all cases and should not be relaxed."

The amount involved in this case is not large, and the case presented does not appeal to our sense of justice, so as to induce a relaxation of a long established and important rule.

For failure to comply with the rule requiring a complete abstract, the judgment is affirmed.