### Cyrus R. Teed et al. v. Vienna R. Parsons.

1. PARTNERS—*Members of Communistic Societies—Promissory Notes.* —A party who withdraws from a communistic society and takes the note of such society for the amount agreed upon as due her, and has no claim upon the society except under the note, is entitled to bring an action against the society upon the note, treating its members as copartners.

Assumpsit, upon a promissory note. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

The defendant in error brought suit in the Circuit Court upon the following notes:

"$975.                        ESTERO, LEE CO., FLORIDA.
                                   November 21, 1895.
"For value received, one year from date, for the Koreshan Unity, in consideration of a full settlement of all

Teed v. Parsons.

claims of Mrs. Vienna Parsons and Albert Parsons, her husband, and to which they both agree, at eight per cent interest per annum, I promise to pay nine hundred and seventy-five dollars. Payable to Vienna Parsons at the Repository of the Koreshan Unity.

CYRUS R. TEED,

For the Koreshan Unity.

"Also interest on full amount, $2,100, at six per cent from July 13, 1895, to date of this note.

GEORGE T. ORDWAY,

General Agent at Estero, Fla."

Indorsement on back:

" Received on the within note, in part payment, three hundred and fifty dollars, $350."

" $975.                              ESTERO, LEE CO., FLORIDA.

November 21, 1895.

" For value received, six months from date, for the Koreshan Unity, in consideration of a full settlement of all claims made by Mrs. Vienna Parsons and Albert Parsons, her husband, and to which they both agree, at eight per cent interest per annum, I promise to pay nine hundred and seventy-five dollars. Payable to Vienna Parsons at the Repository of the Koreshan Unity.

CYRUS R. TEED,

For the Koreshan Unity.

"Also interest on full amount, $2,100, at six per cent from July 13, 1895, to date of this note.

GEORGE T. ORDWAY,

Gen. Agent at Estero, Fla."

Indorsement on back:

" June 22, 1896. - Received twenty-five dollars, $25. July, of the within note.   Received, $10.

A. W. PARSONS,

V. A. PARSONS."

The declaration charged the defendants as partners, and as having made the notes as such. The common counts were also filed. Each of the defendants filed a plea of the general issue and also a plea denying joint liability.

The respective pleas of the general issue were verified, save in the case of that interposed by Cyrus R. Teed, who also pleaded that he made the notes while under duress and by reason thereof.

The court found for the plaintiff, and gave judgment against all of the defendants for $2,244.11.

C. W. GREENFIELD, attorney for plaintiffs in error.

DAVID FALES and RITSHER, MONTGOMERY & HART, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Upon the trial of this case it appeared that the "Koreshan Unity" is a communistic society, in which all property is held in common, and all live as one family; that persons uniting therewith give all that they have to it and become equal shareholders; that the defendant, Teed, was the founder and is the head of the society; that the plaintiff, being informed of its nature, united therewith, contributing thereto $2,100 in money, and some furniture; that after the expiration of six weeks the plaintiff became dissatisfied, and she says, ceased to be a member; that she left because she refused, as requested, "to worship Doctor Teed and Mrs. Annie G. Ordway as God."

The plaintiff testified that she made a loan of $2,100 to the Koreshan Unity. Doctor Teed told her that the money should be paid to her in full, if at any time she was dissatisfied and wanted to leave. Being dissatisfied, she "had Doctor Teed arrested for the money at Florida." The giving of the notes followed the arrest. That after the notes had been signed by Teed and Ordway, Ordway interlined the words, "Also interest on full amount of $2,100 at six per cent from July 13, 1895, to date of this note;" Teed being present and assenting thereto.

It is urged that the Koreshan Unity being a partnership, the plaintiff, a member, can bring suit against it only in a court of equity.

The plaintiff says that she withdrew from the Unity because she was requested to worship Doctor Teed and Mrs. Ordway as God. Religious liberty prevails in Illinois and Florida, and no one can in either be compelled to any worship.

Whether the regulation requiring the plaintiff to worship Dr. Teed and Mrs. Ordway as God was a reasonable rule, which, by joining the Koreshan Unity, she promised to conform to, or whether it was so unreasonable as to constitute sufficient ground for plaintiff's withdrawal, it is unnecessary to discuss, as the society acquiesced in her departure.

So far as appears, the relation was severable at pleasure, and the Koreshan firm can not retain the plaintiff by refusing to take her name off its spiritual or business books.

After the giving of the notes, letters were written to her promising that the notes should be paid, and saying that as her spirit was not in the Koreshan work, it was due to her that her money should be returned. One of these is signed " C. R. Teed, Messenger of the Covenant," the other " C. R. Teed."

The secretary of the organization has also made several payments on the notes.

It is manifest that the plaintiff has had, since the giving of these notes, no claim upon the commune, save thereunder. She is not a member of the Unity, and her action at law was properly brought.

As a partnership, each member is liable for its obligations. That the giving of these notes was in the interest of the partnership, as well as in discharge of its obligations, was clearly shown. None of the defendants, living as one family, questioned the authority of Teed and Ordway to do as they did, until the bringing of this action.

The plaintiff testified that Cyrus R. Teed is the founder of the society, makes its laws and sees that they are complied with; that he transacts all the business of the society.

The notes upon the face, as well as under the evidence, are those of the Koreshan commune, in its interest and for its benefit.

While it is true that in partnerships, not commercial, as associations for farming, etc., the respective partners are not presumed to have authority to execute promissory notes binding all the members, it must be borne in mind that Teed and Ordway, who signed the notes in question, were,

respectively, manager and general agent, and made the notes as such.

If there were doubt as to who it was who made these notes, evidence was properly admitted to solve the question. Scanlan v. Keith, 102 Ill. 634; La Salle National Bank v. Tolu, 14 Ill. App. 141.

This evidence tended to show that not Cyrus R. Teed and George T. Ordway alone, as individuals, entered into the obligation, but the promise was that of the Koreshan Unity; as the evidence tended to show that Teed and Ordway acted within authority given to them as partners in, and managers of the business of the community.

It did not appear that any of the partners, save those sued, reside in or could be found in the State of Illinois.

No plea in abatement of non-joinder was filed—a necessary thing, if one desires to take advantage of the non-joinder of a promisor. Sinsheimer v. Skinner Mfg. Co., 54 Ill. App. 157.

The letters written to the plaintiff after the notes were given make excuse for delay in payment, but neither breathe ill-will nor convey reproach; they indeed may be said to be concluded in a Christian spirit.

Myriads of communal associations have in the centuries past come and gone. Ere the birth of Christ, when Europe was a wilderness whose possession was divided between savage beasts and scarcely less savage men, on the plains of India, the experiment of communal property and living was being tried.

Wearied by the strife of human passions, sickened by contemplation of human misery, tired by fruitless endeavor to reconcile the contending forces that drive man on, disappointed souls, drawn together by common social or religious opinions, have, in all ages, sought rest and relief in communal life; and, like the Koreshan Unity, have found that there is in this world no escape from the influence of ambition, unrest, envy, ill-will, discord, birth and death.

The judgment of the Circuit Court is affirmed.