Oxford v. Peter.

afforded by it to the creditors of delinquent corporations. The judgment is affirmed.

*Judgment affirmed.*

JOHN S. OXFORD, Appellant, *v.* DAVID PETER, Appellee.

APPEAL FROM IROQUOIS.

Where a servant is directed to drive cattle out of a certain field, and he drives them elsewhere than out of the field, and one of them dies, the master is not liable.

Where a master gives general directions to his servant, trusting to the discretion of the latter, he may become liable for his action, but when the directions are specific, and the servant transcends the directions, the master does not become liable.

THIS action was commenced before a justice of the peace, and taken by appeal to the Circuit Court of Iroquois county. A trial was had in that court, and a verdict was found in favor of appellee for twenty dollars, from which an appeal was taken to this court.

The appellant directed a boy about thirteen years old then living with him, to go through his field, and if he saw any cattle in it, to drive them out. He found a steer in the field, and drove him out, but there were other cattle near by the field in a lane, which the boy chased for a short distance, and one of them died. This action was brought in the court below to recover the price of the animal which died.

WOOD & LONG, for Appellant.

J. FLETCHER, and C. KINNEY, for Appellee.

WALKER, J. The evidence shows, that appellant directed Niece to go through and drive out any catttle which he might find in the field. One animal was found in the field, which he drove out, and then pursued the cattle in the lane for some distance, and that in doing so, the cow in controversy fell, and was thereby killed. It is urged, that as the direction

given was only to drive out the cattle, that by pursuing them on the outside of the field, Niece exceeded his authority, and that appellant is not liable for the damage occasioned by the animal's death. That the direction to turn the cattle out of the field, cannot be held to confer authority to pursue them outside of, or beyond the inclosure. And that when the duty of driving out the cattle was performed, all that was subsequently done by the servant was unauthorized, and for which appellant is not responsible.

The rule was announced in the case of *Johnson* v. *Barber*, 5 Gilm. 425, that the master is liable for the acts of his servant within the scope of his business, or for acts performed under the directions of the master, but is not for the willful or malicious acts of the servant, unless it is in furtherance of the business of the master. The same rule was again announced in the case of *Fuller* v. *Voght*, 13 Ill. 277, and these only recognize and follow the well established principles of the common law, almost if not uniformly applied by all courts of this country, as well as England.

When the directions of the master are general as to the business in which the servant is employed, he confides in his discretion, but when the directions are specific, it is otherwise. In the former case, the master becomes liable for all the acts of the servant, performed in the discharge of the duty required. But in the latter case, if the servant exceeds the specific directions, the act performed beyond the authority becomes his own, for which the master is not liable. The act then becomes willful on the part of the servant, and is not in furtherance of the business of the master.

In this case, the direction was only to drive out any cattle which might be found in the field. The pursuit of the cattle not in the field was beyond the directions of appellant, and for which he is not responsible. When the boy had driven out the cow found in the field, he had performed his duty and complied with appellant's directions. No injury resulted from this act, which was lawful, and related to a different animal from the one killed. There is no evidence that tended to show that the act was done by the order of appellant, but it

is manifest that it was outside of, and beyond his specific directions. The verdict was therefore unsupported by the evidence, and the court below erred in overruling the motion for a new trial.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*