Krzikowsky v. Sperring.

## Ferdinand Krzikowsky, Sr., v. Harry Sperring, by His Next Friend.

1. MASTER AND SERVANT—*What is Necessary to Make an Act Done the Servant's and Not the Master's.*—In order to make an act done by the servant the servant's act alone, there must be a turning away from the master's service and an entering upon an affair which concerns the servant only.

2. SAME—*A Slight Deviation From a Direct Route, Where Master Has Not Designated a Specific Route, Does Not Absolve Master.*—Where a servant was sent to purchase and bring home material for the master's business and was given no specific directions as to route, the fact that he deviates one block from the direct route in returning does not constitute such a turning aside from pursuing the business of his employment as to absolve the master from liability.

3. INSTRUCTIONS—*The Question as to Whether the Servant Was or Was Not Acting in the Service of the Master, a Question of Fact.*—An instruction to the jury that if they find from the evidence that at the time of the accident the driver of the wagon was not in the line of his duty and acting within the scope of his authority as the agent or employe of the defendant, the defendant can not be held liable, whatever may be their views as to the character of the conduct of the driver of the wagon, is correct, in view of the undisputed evidence in this case.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 14, 1903.

**Statement.**—In the declaration filed in this case it is stated that March 10, 1900, the appellee, about five years

of age, was walking across Randolph street, at the intersection of Sheldon street, in Chicago, and that the appellant, by his servant, so carelessly drove and managed his horse and wagon that the said wagon struck appellee with great force, breaking his legs and otherwise injuring him.

The general issue was filed and a trial by jury had, resulting in a verdict in favor of appellee for $3,500, and judgment was entered thereon.

PINCKNEY, TATGE & ABBOTT, attorneys for appellant.

THEODORE G. CASE and JOHN T. MURRAY, attorneys for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

It appears from the evidence that appellant was engaged in the wagon business at No. 813 West Lake street. On March 10, 1900, he directed his son, a man thirty-four years of age, to drive his horse and wagon to Parkhurst & Wilkinson's store, No. 164 E. Kinzie street, and there purchase and bring home some wood and iron stock, material for his business.

On his return trip, the son drove west upon Lake street as far as Elizabeth street; instead of going further west upon Lake street, he drove south one block to Randolph, a street parallel with Lake street, and thence proceeded west upon that street to Sheldon street, where the accident occurred. From thence he rapidly drove his horse west on Randolph street to Bryant Place, thence to Lake and thence to his father's shop.

It will be seen that he deviated from the direct route one block. He testified in behalf of appellant that it was his intention to deviate two blocks further, by going to Madison street, in order to see a member of a club to which he belonged.

It is insisted by appellant that his son had deviated from the most direct route of travel between the place where he purchased the material and appellant's shop; that he might have driven directly west on Lake street, instead of driving

west on Randolph street, one block south of Lake street; and that at the time of the accident his son had turned aside from pursuing the business of his employment and was not in the line of his duty and acting within the scope of his authority.

The question of the liability of appellant must be decided not by what his son declared was his intention, but rather by the facts of the case. The fact is, that in driving about two miles and one-half, the son deviated from the most direct route by only one block. Can a master escape liability for the negligence of his servant, because the servant does not perform his service in the most direct manner? The answer to this question in most cases depends upon the character of the directions given, whether general or specific. The record in this case does not disclose that appellant directed his son to drive on Lake street and not upon Randolph street, and we do not hold that if he had made such specific direction he would have escaped liability. Oxford v. Peter, 28 Ill. 434. In the latter case, however, the act of negligence was performed after the employment had wholly ceased.

The master is not liable for the negligent acts of the servant done outside of the apparent scope of the master's business and the servant's employment. Bishop on Non-Contract Law, Sec. 612. The distinction between the cases wherein the master is liable and wherein he is not, is sometimes nice and difficult, and the applications of it by the courts would seem not to be absolutely harmonious. If the negligent act be done by the servant while engaged directly or indirectly in the master's business, liability of the master is not to be avoided upon the ground alone that the servant, for purposes of his own, has chosen a method or route less direct than he might have selected for the work.

" If the servant in driving his master's team on his master's business chooses an indirect route or deviates from his direct route for purposes of his own, and is yet engaged in performing the master's work in such indirect manner, the master may still be held liable. In order to make it the servant's act alone, there must be a turning away from the

master's service and an entering upon an affair which concerns the servant only." C. C. Bottling Co. v. McGinnis, 86 Ill. App. 38; C. U. Brewing & Malting Co. v. Huggins, 96 Ill. App. 147.

In the C. C. Bottling case, *supra*, the employe of appellant, the driver of the wagon, while engaged in delivering appellant's goods, drove a few blocks out of his regular route in order to call upon his wife; while the wagon was standing in front of the house where the driver had thus stopped, the boy, appellee, was upon the step of the wagon, from which the boy fell and was injured. The court there declined to hold that the driver, after having stopped upon an errand of his own, was not, when he again started, in the master's work, within the scope of his employment.

In that case the driver was several blocks out of his ordinary route. In the case at bar it is not shown what was the ordinary route, if, in fact, there was an ordinary route, for appellant's driver. For anything that appears, Randolph street may have been as expeditious and satisfactory a route as Lake street. The character or desirability of the street is not determined by the purpose or intention of appellant's son. The proof shows that the son was in the employment of his father, and that he had been to purchase material for his father, and was, pursuant to his father's order, driving his father's horse and wagon, so that at the time of the accident he was in fact in his employment and had not yet carried out the intention, which he says he entertained, of departing from the work of his employment, and in fact did subsequently go directly from the place of the accident to his father's shop.

It is insisted that the court erred in giving the following instruction:

"If you find from the evidence that at the time of the accident the driver of the wagon was not in the line of his duty, and acting within the scope of his authority as the agent or employe of the defendant, the defendant can not be held liable, whatever may be your views as to the character of the conduct of the driver of the wagon."

Counsel say that by this instruction the court submitted

to the jury a question of law in using the language therein, "line of his duty and acting within the scope of his authority." In the Huggins case, *supra*, it is said :

"In cases similar to this, the question as to whether the servant was or was not acting in the service of the master when the negligent act was done, has been always treated by the courts as primarily a question of fact and not a question of law, except where there was no evidence fairly tending to establish the liability."

In the case at bar, the character of the business of appellant, upon which his son was employed, is undisputed, and we think it was for the jury to determine from the evidence whether the son was acting within the scope of his employment. We are of the opinion that no injustice was done appellant in the giving of this instruction, in view of the undisputed evidence in this case.

It is claimed that the giving of instructions numbered nine and ten was error, "for the inverse reason that the giving of instruction eight was error." These instructions assumed that the jury knew the scope of the driver's employment without defining it to them, but we sustain the action of the court in refusing the instructions because the law stated in them was given substantially in instruction number eight. In view of the law and special findings of the jury, sustained as they are by the evidence, it is our opinion that their verdict was right. The judgment of the Superior Court will therefore be affirmed.