NELLIE T. FITZGERALD *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

EDWARD D. REGAN *vs.* SAME.

CITY OF HAVERHILL *vs.* SAME.

Essex.   March 6, 1913. — May 21, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Agency,* Scope of employment. *Municipal Corporations,* Officers and agents. *Automobile. Negligence,* Invited person. *Practice, Civil,* Conduct of trial.

If an automobile, which had been purchased by a city for use in its street department under the control and direction of the superintendent of streets, was run

into by a street railway car by reason of negligence on the part of employees of the street railway company, while, by direction of the superintendent of streets, the chauffeur in charge of the automobile, after having been to the house of the superintendent on business connected with the street department, was proceeding on his way to a garage where it was his duty to place the automobile when it was not in use, and, also by the superintendent's direction, had with him a person not employed by the city or in any way connected with its business, with the intention of deviating, at a point a half mile further along in the journey, from the direct route to the garage for the purpose of leaving such person at his house, it may be found that at the time of the collision the automobile was being used under the direction of the superintendent of streets and in the business of the city, the unexecuted intention to deviate, for purposes other than the city's business, from the direct route to the garage not yet having become operative, so that the automobile was not being used without authority in violation of St. 1909, c. 534, § 22; and the passenger may be found to have been a person invited to go in the automobile by a person authorized to give such an invitation.

It is within the discretion of a judge presiding at a trial and is a proper exercise of his discretion, where a statement in his charge as to testimony given by a witness is questioned by one of the parties who asks that the testimony of the witness be read from the notes of the court stenographer, to deny the request if the stenographer who made notes of the testimony is absent and the notes are inaccessible, and to charge the jury that their recollection of the testimony and not his is to govern in their deliberations.

THREE ACTIONS OF TORT, the first two for personal injuries suffered in a collision between an automobile of the city of Haverhill and a street car of the defendant, and the third for damage to the automobile. Writs dated July 9, 1910.

In the Superior Court the cases were tried together before *Keating*, J. There was evidence which warranted the jury in finding that the defendant was negligent, that the plaintiff Regan was in the exercise of due care, that the plaintiff Fitzgerald exercised no control over Regan, and that she exercised all the care that she was bound to exercise as a passenger in the automobile if she was an invited guest. Other material facts regarding liability of the defendant are stated in the opinion.

In the course of his charge the judge made a statement as to what one of the plaintiffs' witnesses had said. The defendant's counsel questioned the accuracy of the statement and asked the judge to have the precise testimony of the witness read to the jury from the stenographer's notes. It appeared that the testimony in question had been given on a previous day and that the stenographer who then was in attendance was not present or accessible with the notes of the testimony. The request of the de-

fendant accordingly was denied, but the judge, with an especial allusion to the testimony in question, further charged the jury as follows: "If your recollection of the evidence given by any witness in the case differs from mine, then you must disregard what I have stated to you as the evidence, and accept your own recollection of it. That is true as to what I have said to you in regard to the testimony of witnesses produced by the plaintiff and in regard to what I have said to you as to testimony given by witnesses produced by the defendant." It also appeared that early in the charge the judge had instructed the jury as follows: "I may say to you at this point what I have said to you when instructing you in other cases; that if your recollection of the evidence differs from mine, you must accept yours and reject mine because you are the judges of the evidence."

The jury found for the plaintiff Fitzgerald in the sum of $1,100, for the plaintiff Regan in the sum of $200, and for the plaintiff city in the sum of $350; and the defendant alleged exceptions.

*J. P. Sweeney & L. S. Cox,* for the defendant, submitted a brief.

*H. J. Cole,* for the plaintiffs Fitzgerald and Regan.

*R. C. Pingree,* for the city of Haverhill, was present at the argument but submitted no brief.

HAMMOND, J. These three cases, brought to recover damages caused by one and the same collision between an automobile owned by the city of Haverhill and a street car owned by the defendant, were tried together.

The machine had been purchased by the city for use in its street department under the direction and control of the superintendent of streets. One of the grounds set up in defense was that at the time of the accident the machine was not being used for the purpose for which it was bought, but in violation of St. 1909, c. 534, § 22, forbidding the use of an automobile without authority.

There was evidence that in obedience to orders given by John Cashman, the superintendent of streets, through his son Daniel, the plaintiff Regan, the regular chauffeur employed by the city in its street department to operate the automobile under the control and direction of the superintendent of streets, drove it, with Daniel, the plaintiff Fitzgerald and one Bryant as passengers, from the office of an express company situated on Washington

Street in the city, in which company both the superintendent of streets and his son were stockholders, to the superintendent's house, situated on Hilldale Avenue in the city; that Bryant was the agent of a company engaged in "manufacturing and selling steam road rollers, scarifiers and road machines;" that a scarifier is used for the purpose of breaking up the surface of a road before it is relaid; that Bryant desired to sell to the city a scarifier for use upon the streets; that the superintendent previously had had business dealings on behalf of the city, but never otherwise, with Bryant representing the manufacturing company; that one of the purposes for which the automobile was driven from the express office to his house was to bring Bryant where the superintendent could talk on this business, and that after Bryant arrived at the superintendent's house he stayed there twenty or thirty minutes, spending the time in trying to sell a scarifier to the city represented by the superintendent. Upon this evidence the jury certainly could find that in going from the office of the express company to the superintendent's house the automobile was under the direction of the superintendent for one of the purposes for which it was bought.

There was evidence also that the superintendent's house was situated about three hundred and fifty feet westerly of Hilldale Avenue, and was connected therewith by a driveway; that Bryant and Daniel Cashman were left at the house shortly after six o'clock, P. M.; that the chauffeur then started for the garage in which the automobile was kept by the city when not in use, as it was his duty to do, taking with him Miss Fitzgerald, who had no relation to the street department but was a clerk in the express company's office, with the intention of leaving her at her house on his way to the garage; that the accident occurred just outside the driveway as the automobile turned into Hilldale Avenue; that the way from the superintendent's house to the garage and the way from the house to the home of Miss Fitzgerald were identical to a point more than half a mile beyond the place of the accident. Certainly on this evidence the jury properly could find that at the time of the accident the automobile was still being used in the street department and under the direction of the superintendent. It was the duty of the chauffeur at the close of the day to take the automobile to the garage. That duty he was

performing, and the place of the accident was on the direct route. The unexecuted intention to deviate from the direct route for the accommodation of Miss Fitzgerald half a mile farther on, had not yet become in any way operative so far as respected the route and position of the automobile. So far as respected this ground the cases properly were left to the jury. And notwithstanding some criticisms by the defendant upon the language of the charge, we see no just ground of complaint as to that, or to the manner in which the trial judge generally dealt with the exceptions in the cases of Regan and the city.

The only additional ground of defense set out in the Fitzgerald case is that she was not invited to ride by any one having authority. But that is untenable. The evidence is ample to show that she was invited by the authority of the superintendent.

It was within the discretion of the presiding judge whether or not he would wait to procure the minutes of the absent stenographer and have them read to the jury.

In each case the order is

*Exceptions overruled.*