FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent, THE KANSAS CITY RAILWAYS COMPANY, Appellant.

Kansas City Court of Appeals, May 23, 1921.

1. **MASTER AND SERVANT:** Negligence: Scope of Employment: Presumption: Prima-facie Case: Evidence that Defendant was Owner of Automobile and Driver was in its Employ, Raises Presumption that

Driver was Acting in the Line of his Employment. Plaintiff made out a prima-facie case by showing that the automobile at the time of the collision was the property of defendant and that driver was in its employ, such facts raising the presumption that driver was acting in the line of his employment, which presumption would take flight on the appearance in evidence of facts showing contrary.

2. EVIDENCE: Judicial Notice: Courts do not Take Judicial Notice of Streets of a City. Courts do not take judicial notice of the streets of a city, their direction or their relation to each other.

3. MASTER AND SERVANT: Negligence: Deviation from Master's Business: Scope of Employment: Question for Jury. In a suit for damages to an automobile where there was no evidence that the place of collision was not upon the direct route from defendant's place of business to garage and there was nothing to. indicate that at the time of the collision there was anything more than an unexecuted intention on driver's part to deviate from that route for purpose of going to dinner, the intention to deviate not having become operative and, if any, being merely incidental, wat not such to take driver outside scope of his employment, which question under the evidence was for the jury and refusal to direct a verdict for defendant on ground driver was not acting for defenant and within scope of his employment at time of collision was proper.

4. INSTRUCTION: Municipal Corporations: Ordinances: An Instruction That it was Unlawful to Operate Automobile at Excessive Rate of Speed in Violation of Ordinance, Held Erroneous Because ·not Supported by Evidence. An instruction which told the jury that at time of collision an ordinance was in force making it unlawful for any person to drive an automobile at a greater rate of speed than twenty miles an hour, and that if they found defendant's car was being driven at a greater rate of speed than twenty miles per hour, such constituted negligence, was erroneous because under said ordinance the operation of an automobile in excess of twenty miles an hour at place of collision is presumptive negligence only if operated at such a rate of speed for a distance of two hundred feet or more, and there was no evidence tending to show what speed defendant's automobile was traveling prior to its reaching a point one hundred twenty-five feet distant from point of collision.

5. ———: Defendant's Instruction on Burden of Proof, as Submitted by and Defined in the Instructions, did not Adopt Plaintiff's Instruction on Negligence. Where defendant requested an instruction

that the burden of proof was on plaintiff to show defendant guilty of negligence as submitted by and defined in the instructions, the defendant did not thereby adopt plaintiff's instruction on negligence and was not precluded from objecting thereto.

Appeal from the Circuit Court of Jackson County.—*Hon. Thos. B. Buckner*, Judge.

REVERSED AND REMANDED.

*Rollin E. Talbert, J. C. Rosenberger* and *W. G. Butts* for respondent.

*Chas. N. Sadler, E. E. Ball* and *John E. Connors* for appellant.

BLAND J.—This is a suit for damages to an automobile. There was a verdict and judgment for plaintiff in the sum of $404.96 and defendant has appealed.

The facts show that on April 13, 1918, an automobile driven by one Steffey, who was in the general employment of the defendant as a chauffeur, collided with an automobile owned and being driven west by one J. Cohn on the north side of Fifteenth Street, a street running east and west in Kansas City, Missouri. At the time of the collision Steffey was driving at a high rate of speed on the north and wrong side of said street in an opposite direction to Cohn.

Steffey, on the morning of the day in question, was called to defendant's office at 15th street and Grand Avenue, in Kansas City, Missouri, and was directed to bring defendant's automobile, which was in defendant's garage at 31st and Cherry streets in said city, to that office. Steffey drove the car to defendant's office where he called for defendant's paymaster and took him to Second street and Grand Avenue. After waiting at the latter place for the paymaster to finish paying the men Steffey took him back to the office at 15th and Grand where the paymaster was discharged. It was Steffey's

duty to take the car back to the garage at 31st and Cherry streets but he started out Fifteenth street for the purpose of stopping for his dinner on his way to the garage. When he reached a point about 50 feet west of Vine street, a street running north and south and intersecting at right angles Fifteenth street, he was driving on the west-bound car track and came alongside of a truck which was to the south and going somewhat slower in the same direction. The driver of the truck indicated that he was going to make a left-hand turn into Vine street. Steffey was going too fast to stop and testified that in order to keep from striking the truck as it made the turn, he speeded up his car and turned it toward the north in order to go around the truck. He collided with Cohn's automobile before he was able to return to the middle or south side of the street. The accident happened 25 feet east of Vine street, which was 50 feet wide. Steffey testified that he was going at the rate of 15 to 18 miles per hour but plaintiff's testimony shows that he going at the rate of from 20 to 30 miles per hour. Cohn's automobile was materially damaged. After the accident Cohn assigned to plaintiff, who had a policy of insurance upon the car, all his right to any cause of action that be might have against the defendant.

There are a number of specific allegations of negligence in the petition, one of which is founded on Ordinance No. 38759 of Kansas City, section 26 of which is pleaded in the petition. Said section provides that every person operating a motor vehicle "shall drive the same in a careful and prudent manner and at a rate of speed that shall not endanger the property of another or the life or limb of any person or persons, provided that driving in excess" of 20 miles per hour at the place of the collision "for a distance of more than two hundred feet shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."

Defendant's first point is that its demurrer to the evidence should have been sustained for the reason that there was a total failure of proof that Steffey was acting

for the defendant and within the scope of his employment at the time of the collision.  Plaintiff made out a prima-facie case by showing that the automobile at the time of the collision was the property of defendant and that Steffey was in its employ, such facts raising the presumption that Steffey was acting in the line of his employment which presumption would take flight on the appearance in evidence of facts showing the contrary.  [Guthrie v. Holmes, 272 Mo. 215, 236; Glassman v. Harry, 182 Mo. App. 304; Shamp v. Lambert, 142 Mo. App. 567.]  The question then presents itself as to whether this presumption in favor of plaintiff has been overcome.

The evidence shows that it was the intention of Steffey to stop for his dinner on his way to the garage. Courts do not take judicial notice of the streets of a city, their direction or their relation to each other. [Breckinridge v. Amer Central Ins. Co., 87 Mo. 62; Vonkey v. City of tS. Louis, 219 Mo. 37.]  There is nothing in the record to show that the place of the collision was not upon the direct route from defendant's office at 15th street and Grand avenue to its garage at 31st and Cherry streets.  Nothing appears to indicate that at the time of the collision there was anything more than an unexecuted intention on Steffey's part to deviate from that route for the purpose of going to his dinner.  The intention to deviate being unexecuted and not yet having become operative, it might be said that at the time of the collision the automobile was being used in the business of defendant.  [Fitzgerald v. Boston & Northern Ry. Co., 214 Mass. 435.]  But, assuming that there was an executed intention on the part of Steffey to deviate, a slight deviation from the direct route for the benefit of the driver would be a mere incident and not necessarily out of the line of his duty to his employer.  From the evidence now before us there appears nothing otherwise than that the deviation, if any, was merely incidental and was not such as to take the driver outside of the scope of his employment.

Whether the servant has departed from the scope of his employment would depend upon the degree of deviation and all the attending circumstances. In some cases the deviation might be so slight as to authorize the court as a matter of law to declare that the servant is still executing the master's business. Where the decree of deviation is marked and unusual, such as where the chauffeur takes his employer's car on a frolic of his own or on a "joy ride," the court as a matter of law would declare that he has departed from the scope of his employment, such as was done in the case of Guthrie v. Holmes, supra. The cases falling between these extremes will be regarded as involving a question of fact to be left to the jury. Defendant should be well satisfied in this case under the facts as they now appear that the matter of whether Steffey was acting within the scope of his employment was left to the jury. [Slothower v. Clark, 191 Mo. App. 105; Krzikowsky v. Sperring, 107 Ill. App. 493; Ritchie v. Waller, 63 Conn. 155; 20 Encl. of Law (2 Ed.) p. 166; 26 Cyc. p. 1526; Whatman v. Pearson, 3 Law Rep. Common Pleas Cases, p. 422.]

Complaint is made of plaintiff's instruction No. 2 which told the jury that at the time of the collision an ordinance was in force in Kansas City making it unlawful for any person to drive an automobile at a greater rate of speed than 20 miles per hour upon the streets of the city; that if they found that defendant's car was being driven upon "Fifteenth Street in Kansas Ctiy at a greater rate of speed than twenty miles per hour, . . . then such acts . . . constituted negligence" and their verdict should be for plaintiff. Defendant contends that the ordinance says that the operation of an automobile in excess of 20 miles per hour at the place of collision is presumptive negligence only if it is operated at such a rate of speed for a distance of two hundred feet or more, and that the ordinance does not provide that the operation of an automobile at a greater rate of speed than 20 miles per hour even for that

distance shall conclusively be deemed to be negligent but only presumptive negligence.

Plaintiff attempts to answer this contention by calling our attention to the fact that there is no excuse offered by the defendant to justify the conduct of Steffey in driving at a greater rate of speed than 20 miles per hour; that defendant contented itself by attempting to show that Steffey was driving at less than that rate of speed; that there being no evidence of justification the court was right in telling the jury that if they believed the driver exceeded 20 miles per hour, the limit specified in the ordinance, his conduct was negligent. Plaintiff cites in support of this contention Young v. Dunlap, 190 S. W. 1041, 1044.

However, plaintiff attempts to make no answer to the claim that the ordinance does not make a speed of 20 miles per hour presumptive evidence where it is not a distance of 200 feet. Plaintiff's evidence shows that defendant's automobile was traveling at a rate of speed in excess of 20 miles per hour just prior to the collision but there is no evidence on either side as to what speed defendant's automobile was traveling prior to its reaching a point 125 feet distant from the point of collision. Sometime after reaching the point first mentioned defendant's automobile was speeded up. So there was no evidence tending to show even that defendant's automobile during the last 125 feet of its journey was proceeding at the same rate of speed that it was at the time plaintiff's evidence shows that it was going at a greater rate than 20 miles per hour. We think there is no question but that the instruction was erroneous.

However, plaintiff contends that defendant by its instruction No. 10 adopted plaintiff's instructions and that the error, if any, was common to both plaintiff and defendant. Defendant's instruction No. 10 reads as follows:

"The court instructs the jury that the burden of proof is on the plaintiff to prove to your satisfaction by

the preponderance or greater weight of the credible testimony that the defendant was guilty of negligence as submitted to you in these instructions, and this burden of proof continues and abides with the plaintiff throughout the entire trial, and unless you believe and find from the evidence in the case that the plaintiff has proved by a preponderance of the credible testimony to your satisfaction that the defendant was guilty of negligence, as defined in these instructions, and that such negligence was the direct and proximate cause of the injuries complained of, then your verdict must be for the defendant.''

Defendant's instruction No. 11 is as follows:

''By negligent as used in the instructions of the court is meant a failure to use ordinary care.

''Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances.''

Defendant's instruction No. 4 tells the jury that if they believe that the driver of defendant's automobile was in the exercise of ordinary care and that Cohn was negligent as defined in other instructions, their verdict should be for the defendant. Defendant's instruction No. 8 tells the jury that if the collision was the result of a mere accident without the fault or negligence of any one, their verdict should be for the defendant, and then defines ''accident.''

It appears that defendant's instruction No. 10 covers merely the burden of proof. It was the intention of the defendant in giving it to tell the jury what that burden consisted of. In directing the attention of the jury to the burden of proof defendant told them that the burden of proof was on plaintiff to establish by the preponderance of the credible testimony that defendant was guilty of negligence as submitted to them by the instructions and that they must find that plaintiff had proved by the preponderance of the testimony that defendant was guilty of negligence as defined in the instructions before they could return a verdict for plaintiff. It does not appear that it was the intention of defendant to adopt plaintiff's

instructions but to have the court define the burden of proof and to confine the jury, in reference to the burden of proof in relation to the issues of negligence, to the evidence introduced and the instructions of the court. Of course it would have been the duty of the jury to consider only the evidence and instructions of the court regardless of defendant's instruction No. 10, so that the instruction in that regard added nothing to the case. This is not a case where the defendant in one of its instructions referred to some definition in another instruction and that definition was not contained in any of defendant's instructions but was contained in plaintiff's instruction and was a wrong definition, such as was assumed in the case of Quinn v. A. T. & S. F. Ry. Co., 193 S. W., 933, nor is it a case where defendant's negligence was submitted to the jury in plaintiff's instruction alone and defendant adopted plaintiff's manner of submission or referred in terms to an instruction or instructions of plaintiff. It is not apparent that defendant in asking its instruction No. 10 intended to adopt plaintiff's instruction as its own.

The judgment will be reversed and the cause remanded. All concur.