**GULF REFINING CO. v. TEXARKANA & FT. S. RY. CO. et al.   (No. 2853.)** *

(Court of Civil Appeals of Texas. Texarkana. Feb. 27, 1924. Rehearing Denied March 6, 1924.)

1. **Master and servant** ⬅➡302(2)—**Servant's slight deviation deemed in performance of master's business.**

Where a servant's deviation from master's business is light, and not unusual, such deviation is deemed made while the servant is executing his master's business.

2. **Master and servant** ⬅➡302(6)—**Driver deviating from route by going home to lunch held within scope of employment.**

Where defendant's truck driver, in returning empty cans to defendant's warehouse, pursuant to duty, deviated two blocks from the route to defendant's warehouse, intending to go to his mother's home for his lunch several blocks distant, and, after meeting with the accident which injured plaintiff, during such deviation returned to the warehouse, he had not abandoned the performance of his duty; his deviation being a mere incident of service for defendant.

3. **Master and servant** ⬅➡302(6)—**Negligence of truck driver combining his own and employer's business renders employer liable.**

Where defendant's driver of a truck, loaded with articles to be carried to defendant's warehouse, used it to go to his mother's home for lunch, thereby combining his own and defendant's business, the employer is liable for injuries from negligence during such use.

4. **Master and servant** ⬅➡302(6)—**Employer liable for negligence of driver deviating for lunch without regard to employer's consent.**

Where at the time a collision occurred defendant's truck driver had not abandoned the service it was his duty to perform, and which he was engaged in performing for defendant, the latter was liable for the driver's negligent conduct, independently of whether the driver was using the truck to go to his lunch with appellant's consent and according to custom.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by E. H. Denham against the Texarkana & Ft. Smith Railway Company and others. Judgment for plaintiff against defendant Gulf Refining Company and in favor of defendant railway company for cost, and, from so much of the judgment as was rendered against it in favor of plaintiff, the refining company appeals. Affirmed.

On January 27, 1922, appellee E. H. Denham suffered serious injury to his person as a result of a collision between a motor car, then being operated by employés of appellee Texarkana & Ft. Smith Railway Company over its line of railway across a public street in the city of Beaumont, and a motor truck owned by appellant, Gulf Refining Company, then being operated by one of its employés over said street. On the theory that the collision was due to negligence on the part of both appellant and the railway company, Denham brought this suit for damages against them. He made the Gulf Pipe Line Company a party defendant also, but afterwards dismissed the suit so far as it was against it.

It appeared from the testimony that the truck which collided with the railway company's car was one of six trucks used by appellant in delivering oil, gasoline, etc., to its patrons in Beaumont and near by territory around that city. Appellant had employed one Touchstone to drive the truck, and he was driving it at the time (about 12:05 p. m.) the collision occurred. Touchstone's working hours were from 7 in the morning to 5 in the afternoon, with an hour off for lunch. He had no invariable practice as to either the time when or the place where he ate lunch, but ate it at such time and places as the exigencies of his work required. On the occasion of the accident he had completed deliveries he was to make on that trip from appellant's warehouse, had taken up (at the places where he made the deliveries) an empty barrel and several empty 10-gallon cans which it was his duty to return to appellant's warehouse, and had traveled two blocks on his way, he testified, to lunch at his mother's home, which was situated, he further testified, several city blocks in a direction opposite to that of appellant's warehouse from the place where he made his last delivery. He did not in fact go to his mother's home, as he testified he intended to, but after the accident went to appellant's warehouse. It was the practice of Touchstone and the other drivers to use the trucks in going to lunch, and there was testimony that the manager of appellant's

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 28, 1924.

business at Beaumont knew of the practice. The manager himself testified:

"If a driver would make a delivery out past his residence, or the place where he would take his meal, and on his way back would stop there and get his meal, it was all right, but I never ·did know of Touchstone going out of his way to . get his lunch in the truck. There was no general rule or permission for the drivers taking their trucks from the warehouse for the specific purpose of conveying them to their lunch, but, if they had some work to do for the company, they were at. liberty to eat their lunch while out, provided they didn't go out of the way; I mean off the general direction."

Special issues were submitted to the jury. Their findings, so far as same concerned the railway company, were in its favor, and so far as same concerned appellant were: (1) That its truck was moving at the rate of 15 miles an hour at the time it collided with the motor car; (2) that it was negligence on the part of the, driver of the truck to operate it at that speed; (3) that such negligence was a proximate cause of the injury to Denham; .(4) that it was customary for drivers of appellant's trucks to use same to go to lunch in; (5) that appellant's officers or foreman in charge of the truck drivers knew of the custom, and acquiesced in it; and (6) that $7,000 would compensate Denham for the injury he suffered. The judgment appealed from was in Denham's favor against appellant for $7,000, and in the railway company's favor for costs. The appeal was prosecuted by appellant alone, and there is no complaint here of the judgment so far as it was in favor of the railway company.

Albert B. Hall, of Dallas, and John G. Gregg, of Fort Worth, for appellant.

Jones, Sexton & Jones, and Barrett Gibson, all of Marshall, and King, Mahaffey & Wheeler and Keeney & Dalby, all of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] Appellant's contention that the trial court erred when he refused to instruct the jury to return a verdict in its favor is on the theory that it conclusively appeared from the testimony that the driver of the truck "was not [quoting] acting within the scope of his authority or employment or performing any service for it at the time the collision occurred."

If it so appeared, of course the court erred as claimed; for, as was said in Railway Co. v. Kirk, 102 Ind. 399, 1 N. E. 849, 52 Am. Rep. 675:

"Where a servant steps aside from the master's business and does an act not connected with the business which is hurtful to another, manifestly the master is not liable for such act, for the reason that, having left his employer's business, the relation of master and servant did not exist as to the wrongful act."

But ,we do not think it so appeared. While it is true, as is urged by appellant, that the testimony of the driver of the truck that he had traveled two blocks away from appellant's warehouse and was on his way to lunch at his mother's home at the time the accident happened was not contradicted by any other testimony, it is also true that the further testimony of said driver that he had an empty barrel and cans in the truck which it was his duty to return to appellant's warehouse, and that he went from the scene of the accident to said warehouse instead of to his mother's home, was not in any way contradicted. It seems, therefore, that however far the driver may have intended to deviate from a direct route to the warehouse he in fact deviated only two blocks therefrom.

By the rule applicable, "where [quoting from Ritchie v. Waller, 63 Conn. 155, 28 Atl. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361], the deviation is slight and not unusual, the ,court may, * * * as matter of law, determine that the servant was still executing his master's business."

Considering the matter from the standpoint of what the driver did, instead of from that of what he said he intended to do, we think the trial court had a right to conclude that the deviation was "slight," within the meaning of the rule, and therefore that it appeared as a matter of law that the driver was still executing appellant's business at the time of the accident. Long v. Nute, 123 Mo. App. 204, 100 S. W. 511; Fidelity & Casualty Co. v. Ry. Co., 207 Mo. App. 137, 231 S. W. 277; Mathewson v. Edison Co., 232 Mass. 576, 122 N. E. 743; Schrayer v. Bishop, 92 Conn. 677, 104· Atl. 349; Fisick v. Lorber, 95 Misc. Rep. 574, 159 N. Y. Supp. 722; Duffy v. Hickey, 151 La. 274, 91 South. 733; Thomas v. Lockwood Oil Co., 174 Wis. 486, 182 N. W. 841.

If, however, we thought the character of the deviation should be viewed from the standpoint of what the driver of the truck said he intended to do, we still would be of the opinion it appeared as a matter of law that the driver had not abandoned the performance of duty he owed appellant, and that his deviating from a ·direct route back to the warehouse with the intent to go to his mother's for lunch was a mere incident of service he was then performing for appellant, to wit, returning the empty barrel and cans referred to to appellant's warehouse. Schrayer v. Bishop, supra·

[3] And, if we thought the action of the trial court was not supportable on either of the views stated, there is still another view which we think he had a right to take of the case as made by the testimony, and that is that the driver in using the truck (loaded as it was with articles it was his duty to carry to appellant's warehouse) for the purpose of going to his mother's to lunch, combined his own and appellant's business. If the driver

did that, appellant was liable as determined by the judgment. 18 R. L. L. 797; Barmore v. Railway Co., 85 Miss. 426, 38 South. 210, 70 L. R. A. 627, 3 Ann. Cas. 594, and note, page 607; Tuttle v. Dodge (N. H.) 116 Atl. 627; Jones v. Lozier, 195 Iowa, 365, 191 N. W. 103; Whimster v. Holmes, 177 Mo. App. 130, 164 S. W. 236.

It follows from what we have said that we think the contention of appellant referred to should be overruled, as also should its contention that the trial court erred when he refused to give to the jury its requested special issue No. 7 as to whether the driver at the time of the collision was performing any service for it or not.

[4] As noted in the statement above, the jury found (among other things), in response to special issues submitted to them, that it was "customary" for appellant's drivers to use the trucks "to go to lunch in," and that the custom was known to appellant's officers, and "was acquiesced in by them." Appellant insists the submission of such issues was not warranted by either the pleadings or the testimony in the case. Whether that is true or not we will not undertake to determine, for if it should be determined it was true the judgment should not therefore be reversed, if, as we have held, it appeared as a matter of law that at the time the collision occurred the driver had not abandoned service it was his duty to perform, and which he was engaged in performing for appellant. In that event appellant was liable for the driver's negligent conduct, without respect to whether he was using the truck to go to his lunch in with appellant's consent and according to a custom or not.

We do not think the testimony presented an issue as to whether appellee was guilty of contributory negligence on the occasion of the accident or not, and therefore overrule the contention predicated on the refusal of the trial court to submit such an issue to the jury.

There is no error in the judgment, and it is affirmed.