## AMERICAN PRODUCE CO. v. GONZALES.
### (No. 7755.)

Court of Civil Appeals of Texas. San Antonio.
April 6, 1927.

Rehearing Denied May 4, 1927.

1. Master and servant ⬅302(6)—Employer held liable for negligence of salesman, using its truck as incident of employment to go home to lunch.

Where salesman used employer's truck in making deliveries of his sales, and drove truck in accordance with instructions in going to and from his home for lunch, such use of truck by employee *held* an incident of his employment, and employer was liable for his negligence while so using it.

2. New trial ⬅144—Evidence held to support finding that no harm resulted from jury's arriving at verdict by lot and discussing improper matters.

In personal injury action, evidence *held* to support trial court's finding that no harm resulted to defendant from alleged misconduct of jury in arriving at a verdict by lot, and discussing subject of attorney's fees and that employer was insured.

3. New trial ⬅144—Testimony of jurors, stultifying themselves or reflecting on conduct of other jurors, should not be resolved against verdict, except where injury results.

Testimony of jurors, seeking to stultify themselves or reflecting on conduct of other jurors, should be scrutinized with suspicion, and never resolved against verdict regularly returned, except in clear case of abuse and injury to complaining party.

4. Appeal and error ⬅1068(4)—Technically erroneous instruction to consider reasonable expense incurred for medical attendance held not prejudicial in view of verdict.

In personal injury action, where there was no evidence that plaintiff would incur hospital expenses, technically erroneous instruction that jury should consider necessary and reasonable expenses, if any, incurred by plaintiff for physician's services, hospital bills, and medicines as result of such injuries, if any, *held* not prejudicial, in view of fact that verdict was not claimed to be excessive.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Frank Gonzales against the American Produce Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lewright & Lewright and W. M. Groce, all of San Antonio, for appellant.

Davis & Wright, of San Antonio, for appellee.

SMITH, J. This controversy arose from a collision between a motor truck and a bicycle. The truck was the property of the American Produce Company, and was being operated by one Miramon, an employee of that company. Frank Gonzales, the rider of the bicycle, was injured as a result of the collision, which occurred at the intersection of Arciniega and Garden streets in the city of San Antonio on March 11, 1926. Gonzales brought this action against the Produce Company, and a trial by jury resulted in a verdict in favor of Gonzales for $5,000, and the produce company has appealed.

[1] The truck was being driven by one Miramon, appellant's local salesman, who used the truck in making deliveries of his sales. Miramon resided some distance from appellant's store, and went home to his daily lunch. In going to and from lunch, he drove the truck in question, in accordance with the instructions of appellant to do so, and this had been the practice for two years. Sometimes, in going to and from lunch, he would drive directly home, and sometimes he would digress from the direct route upon his personal errands or those of his employer. On this day he started home to lunch, driving the truck as usual, but in doing so went by a grocery or market to get provisions for the noonday meal. While upon this errand, which took him slightly out of his direct course home, the collision occurred. Miramon had an automobile of his own, and drove it daily to appellant's place of business in going to his work in the morning, parked it on his employer's premises during the day, and drove back home in it at the end of the day's labors. He could have used his own car in going to and from his home for lunch every day, but did not do so, in the face of his employer's instructions to use the company's truck for that purpose.

The evidence warrants the inference that this use of the truck inured to the employer's benefit, and facilitated the handling of his business. This inference is. fortified by the fact that sometimes, in going to and from lunch, the employee made deliveries for the company, thereby avoiding specific trips for such deliveries. These facts bring the case clearly within those in which it has been determined that the employee, although at the moment engaged in his personal errands, is yet acting within the scope of his employment. The mere fact that, while thus acting for his employer, he deviates from his instructions and pauses by the wayside, or moves beyond his usual course in such employment, does not remove the act from the scope of the employment. Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039. We conclude from the decisions, and as a practical matter, that the employee's use of the truck in going to and from his lunch was an incident in the usual course of his employment, and was contemplated by the parties as a part of the employee's compensation, as well as a part of his services to the employer; that

the benefits of the use were reciprocal as between the parties, and came clearly within the scope of the employment, rendering the master liable for the negligent acts of the servant while so employed. Gulf Refining Co. v. Texarkana & Ft. S. R. Co. (Tex. Civ. App.) 261 S. W. 169; Davis v. Produce Co. (Tex. Civ. App.) 261 S. W. 401, and authorities there cited; McKeage v. Morris (Tex. Civ. App.) 265 S. W. 1059. We overrule appellant's first, second, and third propositions.

[2] In its fourth to eleventh propositions, appellant complains of certain conduct of the jury, while considering their verdict in the jury room, as having been so prejudicial to appellant as to require a reversal of the judgment. It is contended that the verdict of the jury was arrived at by lot; that it was a "quotient verdict"; that the jury discussed the subject of attorney's fees to be paid by appellee and that the employer was insured; that one of the jurors told the others of his own experience with an injury similar to that received by appellee in this case. We have carefully examined and considered appellant's statement and arguments under these propositions, and conclude that there is no merit in them. The evidence adduced upon the hearing of the motion for new trial is such as to fully support the trial court's implied finding that no harm resulted to appellant from the alleged misconduct of the jury. Three jurors testified in the matter, while seven others, marshaled in the courtroom at the instance of appellant, were not called upon to testify. Those testifying were vague and indefinite in their testimony.

If it could be said definitely from their testimony that the jurors materially discussed improper matters, it can be said with equal definiteness that such discussions were had after the verdict was agreed upon as finally returned, and could not have influenced the jurors in reaching that verdict. The evidence shows, also, that the jurors by the usual process ascertained the quotient of the sum of the several amounts they had in mind as proper compensation for appellee's damages; but even upon this phase of misconduct it cannot be said that the trial court abused his discretion in impliedly finding that this quotient was not arrived at, and made binding upon them all, through any previous agreement to be so bound.

[3] The testimony of jurors who seek to stultify themselves, or reflect upon the conduct of their fellows, should always be scrutinized with extreme caution, if not suspicion, and should never be resolved against their verdict regularly returned, except in clear cases of abuse and injury to the complaining party. This is by no means a clear case for such purpose, and the trial court appears to have properly overruled this attack upon the verdict. The propositions referred to will be overruled.

[4] The trial court instructed the jury that in awarding damages, if any, they should take into consideration "necessary and reasonable expenses, if any, incurred by plaintiff for physician's services, hospital bills, and medicines, as a direct result of such injuries, if any," etc. Appellant attacks this charge as authorizing the jury to assess damages against appellant for these matters, in the absence of any evidence to support such award. The evidence was that appellee would require medical attention and observation for a period of from two to six years, but there was not even a remote surmise in the evidence as to the probable reasonable cost of such treatment. Of course, no person could make a rational estimate of such probable expense, and no one would have the temerity to hazard an estimate, unless it be an alienist testifying as an expert, none such being available in this case, apparently. There was no evidence, either, that appellee would likely be required to incur hospital expenses, referred to and authorized in the charge complained of. Now, appellant assigns error against the giving of this charge, and we are confronted with the bald question: Shall the judgment be reversed because of the giving of this charge?

No complaint is made that the verdict was excessive, except as it may have been increased in consequence of the alleged misconduct of the jury. The record clearly refutes that contention, however, and that leaves appellant without any charge of excessive damages. Can it be rationally contended that the charge with reference to future hospital and medical expenses caused the jury to increase the award? The charge may have been technically erroneous, but we doubt if it was substantially so. It did not direct the jury to award damages for hospital or medical fees, for it was modified by that familiar and useful, and much used and abused, phrase, "if any," which is made to perform so many offices and punctuate so many instructions that it is noticed perhaps only when absent from its usual place. But we cannot say what object, "if any," it accomplished in this instance. The jury may have paused when they reached it at this juncture, in a charge in which it occurred a score of times in as many places; may have considered it, have analyzed its office, have given it the effect of granting power to the jury to award damages for hospital and doctor's fees only in the event there was evidence showing such would probably be incurred by appellee, in a specific amount, in the two to six year period of illness prognosticated by one of the witnesses in the case. If the jury so regarded the charge, as they were authorized to do, then it will not be presumed, in the absence of evidence thereof, that they went into the realms of pure conjecture to find warrant for awarding damages for those items.

Appellant produced the jurors for examina-

tion upon other matters, after having interviewed them and ascertained from them the subjects discussed and elements considered by them in their deliberations. Appellant interrogated them somewhat searchingly about such other matters, but made no effort to ascertain if they considered or made any allowance for hospital or medical charge, past or future. It is not contended that the verdict was excessive; that appellee's actual injuries were not such as to fully warrant the recovery allowed by the jury, without reference to the elements of damages now under discussion. We do not think the state of the record warrants reversal on account of the charge complained of, and accordingly overrule appellant's twelfth and thirteenth propositions.

In its fourteenth and fifteenth propositions appellant attacks the sufficiency of appellee's pleadings to withstand the force of the general demurrer, but we overrule those propositions. The allegations upon the particular phase of the case discussed in those propositions were so meager that a special exception would have reached them, but were sufficient, with the aid of presumptions, when tested by general demurrer. Nor is any harm shown to have been done appellant from the transactions complained of in its sixteenth and final proposition, which is also overruled, upon that ground.

The case was quite fully and fairly submitted to the jury, which upon sufficient evidence resolved every issue in favor of appellee; the evidence fully warranted the amount awarded appellee for the injuries he sustained in the accident, and the record shows no such error as would warrant a reversal of the judgment, which will be affirmed.