## Witte v. Mitchell-Lewis Motor Co., Appellant.

*Negligence—Automobiles — Collision — Master and servant — Scope of employment—Case for jury.*

In an action to recover damages for the death of plaintiff's husband, caused by a collision of the wagon in which decedent was driving and an automobile owned by defendant company and in charge of defendant's servants, the case is for the jury and a verdict for the plaintiff will be sustained where the plaintiff has established a prima facie case by showing that the accident had been caused by the negligence of defendant's servants while returning from a trip which they had been ordered to make by defendant, and where defendant offered no evidence, but contended that the plaintiff could not recover on the ground that it might be inferred from the facts that defendant's servants were not acting within the scope of their employment, but at the time of the accident had gone a few blocks out of their way for purposes of their own.

Argued Jan. 6, 1914. Appeal, No. 159, Jan. T., 1913, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1911, No. 3560, on verdict for plaintiff in case of Elizabeth Witte v. Mitchell-Lewis Motor Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before WILTBANK, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $13,400 and judgment thereon. Defendant appealed.

*Errors assigned,* were various rulings on evidence, answers to points and the refusal of the court to direct a verdict for defendant.

*William MacLean, Jr.,* with him *G. D. Bartlett,* for appellant.

*W. Horace Hepburn,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 16, 1914:

This is an action of trespass to recover damages for personal injuries, resulting in the death of plaintiff's husband, alleged to have been sustained by the negligent operation of an automobile owned by the defendant company. The facts established at the trial by the uncontroverted testimony show that at the time of the accident the automobile which collided with the delivery wagon was owned by the defendant company; that the chauffeur who drove the car was in the employ of said company; that the passengers in the car were its agents or employees; that the primary purpose of taking the car out and making the trip was to deposit moneys belonging to appellant in bank; and that the chauffeur and cashier were primarily engaged at the time of the

accident in the business of their employer. As to the ownership of the automobile, the employment of the chauffeur, and whether he was acting within the scope of his employment at the time of the collision, the facts above recited made out a prima facie case in favor of plaintiff. Defendant did not even attempt to overcome this prima facia case, but rested without the introduction of any testimony to support its contentions. Upon the question of the negligent operation of the automobile the case was clearly for the jury and no fault is found with the manner of its submission. Appellant relies entirely on the position that there is no testimony to show the chauffeur who drove the car to have been acting under the direction of his employer and within the scope of his employment at the time the injuries were sustained. A careful reading of the record convinces us that this contention is without merit. The testimony shows that the chauffeur was regularly employed by the defendant company, that on the morning of the accident he was directed by those in charge of its business to take the car out and drive to the bank and that he did so. Defendant offered no testimony to controvert these material facts, and it is difficult to understand upon what ground the argument is based that the chauffeur was not engaged within the scope of his employment at the time of the accident. It is suggested that the accident occurred after the cashier of appellant had deposited the moneys in bank, and when this was done, the automobile was driven a few squares out of its direct route in returning to the office of defendant. Even if the facts did so appear, it is doubtful whether the contention of appellant could prevail under the circumstances of this case. But there is no direct evidence to show at what time or place the deposit was made. If defendant deemed this to be material as a defense to the action, it should have introduced evidence to establish the facts upon which it now relies, and not having done so, we are not at liberty to assume facts which do not

appear in the record for the purpose of reversing the judgment. We are not convinced that the argument of appellant in this connection is sound, but there being no evidence to sustain the contention, it is not necessary to put our decision upon this ground. What we do decide is that the uncontradicted evidence shows not only that the automobile was owned by appellant, but that the chauffeur was regularly employed by defendant company and was acting within the scope of his employment when the collision occurred, and this was sufficient to require the case to be submitted to the jury. The answer of the learned court below to the third point submitted by the defendant at the time of trial, which point and answer are made the subject of the ninth assignment of error, is not in apt language. The learned trial judge evidently intended to say that there was no controversy as to the ownership of the car, the employment of the chauffeur, and the business in which he was engaged at the time of the accident, and these facts being undisputed, there was no issue of this kind requiring instructions to the jury. The case was tried on the theory that the burden was on plaintiff to establish these facts and evidence was introduced for this purpose. As hereinbefore indicated we think these material facts were fully established by the testimony, and therefore no substantial harm was done appellant by the answer to the third point about which complaint is here made. Plaintiff established her case by affirmative testimony and should not be required to try it over again because of a slight error in answer to one of the points, when it is apparent from the record that no substantial harm was done. The case was fairly tried on its merits and no sufficient reason is given to warrant a reversal of the judgment.

The other point relied on here is that the learned trial judge should have directed a verdict for the defendant. We do not find a single fact in the record to sustain this position. It was clearly a case for the jury

and it would have been error to give binding instructions.

Judgment affirmed.