(95 Misc. Rep. 574)

## FISICK v. LORBER.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

1. MASTER AND SERVANT ⬥⇒301(5)—ACTING IN SERVICE.

Where a doctor's chauffeur had permission to stop at his own home for dinner while taking the car to the garage, such stop, while engaged in his master's service, did not remove him even temporarily from such service.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1215; Dec. Dig. ⬥⇒301(5).]

2. MASTER AND SERVANT ⬥⇒301(5)—ACTING IN SERVICE.

Where, while taking a doctor's car to the garage, the chauffeur stopped at his own home for dinner, after he had finished the meal and started for the garage, he completely resumed his service.

[Ed. Note—For other cases, see Master and Servant, Cent. Dig. § 1215; Dec. Dig. ⬥⇒301(5).]

3. MASTER AND SERVANT ⬥⇒305—ACTING IN SERVICE—NEGLIGIBLE DEVIATION.

The act of a doctor's chauffeur, while taking his master's car to the garage in Williamsburg, in going by way of Broome street rather than

by Delancey, the distance between the two streets covering but a short city block, was a negligible deviation from the direct route.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1223, 1224; Dec. Dig. ☞305.]

4. TRIAL ☞252(8)—INSTRUCTION—APPLICABILITY TO EVIDENCE.

In an action against a physician for injuries caused by his automobile, driven by his chauffeur, where there was no evidence at all that, if the chauffeur had dined at home, he was engaged in other than his master's service in returning the automobile to the garage, though his wife and mother-in-law accompanied him, an instruction that if, instead of turning to go toward Delancey street, he started south toward Broome, the jury could infer that he was not proceeding in the most direct way to the garage to store the car, and that if he was taking his wife and mother-in-law south, either for a drive, or to visit some persons, or to entertain them in any way, he was not employed in defendant's business, and defendant was not answerable for his negligence, was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☞252(8).]

5. EVIDENCE ☞597—SCINTILLA OF EVIDENCE—FINDING.

A scintilla of evidence furnishes no adequate foundation upon which to base a finding.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2449; Dec. Dig. ☞597.]

Appeal from City Court of New York, Trial Term.

Action by Annie Fisick against Herman Lorber. From a judgment for defendant, plaintiff appeals. Judgment reversed, and new trial granted.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Morris & Samuel Meyers, of New York City (Samuel Meyers and George Wolf, both of New York City, of counsel), for appellant.

William Butler, of New York City (R. Waldo MacKewan, of New York City, of counsel), for respondent.

BIJUR, J.  Plaintiff claims that while she was sitting on the sidewalk in front of No. 33 Cannon street, about 10 o'clock of a summer evening, defendant's automobile, in charge of his chauffeur, Soble, was so negligently operated that the rear end of it came up on the sidewalk and injured her.  Defendant is a doctor living at 330 East Fourth street.  Soble had finished his work for the day, and was to take the automobile to the garage in Williamsburg over the so-called Delancey Street or Williamsburg bridge.  He went to his own home at No. 29 Cannon street to get his supper.  No. 29 Cannon street is about half way between Delancey street and Broome street, which is south of Delancey.

Plaintiff's contention, in substance, is that, after Soble had finished his supper, he started for the garage, taking his wife and mother-in-law along for the ride.  The machine was then standing in front of his house on the west side of Cannon street facing Broome, with its back toward Delancey.  For some reason Soble backed the machine and struck the plaintiff with the rear wheels.  It is a question whether then Soble went off toward Broome or Delancey streets.  Defendant's claim is that plaintiff was sitting in the gutter on a chair.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The question whether Soble had his master's permission to stop at his own home for dinner was litigated at length. Although mere permission would not be determinative (see Cunningham v. Castle, 127 App. Div. 580, 586, 587, 111 N. Y. Supp. 1057) nevertheless, if he had such permission, it is evident that his stop for the meal while engaged in his master's service in returning the automobile to the garage did not remove him even temporarily from that service. In this respect the learned judge below charged the jury incorrectly when he said:

"If the owner told him, 'You can take my automobile and go to your home and get your dinner,' and he proceeded to do so, and he hurt somebody while doing so, he would not be engaged at that time in the business of the defendant."

[2] This error in the charge, however, except in so far as it may have conveyed to the jury a generally inaccurate impression as to the law of the case, was probably not material, because, whether at the actual time when Soble was taking his dinner he was engaged in his master's service or not, it is perfectly clear that after he had finished the meal, if he started for the garage, he had completely resumed his master's duties. Geraty v. Nat. Ice Co., 16 App. Div. 174, 44 N. Y. Supp. 659; Jones v. Weigand, 134 App. Div. 644, 119 N. Y. Supp. 441.

[3] Bearing in mind the fact that the distance between Delancey and Broome streets covers but a short city block, it is perfectly apparent that, if Soble was on his way to the garage in Williamsburg, the mere fact that he went by way of Broome street, rather than by Delancey street, constituted a negligible deviation from the direct route. It had no effect to suspend the course of his service to his master. Quinn v. Power, 87 N. Y. 535, 41 Am. Rep. 392, and the Jones and Geraty Cases, supra. The court apparently recognized the fact that the problem for the jury to solve began when Soble resumed the conduct of the automobile after his meal. He said to the jury:

"The question will be presented whether or not, after he had finished his meal at his home in Cannon street, he was proceeding to the garage directly for the purpose of storing the car for the night, or was he about to take his family to visit somebody, or for a ride. If he was proceeding directly to the garage, then he was employed in the business of the defendant; but if he was taking his wife and mother-in-law to visit somebody, or for a ride, then he was engaged in his own business, and not the business of the defendant, and there can be no liability fastened upon the defendant by reason of the fact that the chauffeur was using the defendant's car for his own entertainment or purposes."

Later he said:

"We do know that, had he gone to the garage directly after being discharged for the night at the defendant's place of business, it would have been the nearest way to go over the Delancey Street bridge, because the garage was near the Brooklyn end of that bridge. Having passed south of Delancey street to go to his home, if he desired to go to that garage by the nearest route presenting itself, he would naturally turn his car north again, to go to Delancey street and cross the bridge."

And then added:

"But if, instead of turning to go toward Delancey street, * * * he started south toward Broome street, you may very well infer from that fact that he was not proceeding in the nearest and direct way to his garage for

the purpose of storing the car for the night; and if he was taking his mother-in-law and his wife south, either for a drive, or to visit some persons, or to entertain them in any way, he was not then employed in the business of the defendant, and the defendant is not answerable for his negligence."

[4] Plaintiff's counsel excepted to this portion of the charge, and particularly to the right accorded to the jury to draw "a certain inference from the way the automobile was driven off, or the direction in which the automobile was driven off." This exception presents error for which the judgment must be reversed. There was no direct evidence to contradict the chauffeur's statement, when testfying on behalf of *defendant,* that he was proceeding to the garage, and that his wife and mother-in-law accompanied him only because they were going to Williamsburg, and he "would drop them off after he took them across the bridge," and "that that was what he did." There was, therefore, no evidence at all that after he had taken his meal he was engaged in other than his master's service, returning the automobile to the garage. As I have pointed out above, the mere fact that he went by way of Broome street, rather than Delancey street, for a short distance, would amount merely to a deviation from the direct route.

[5] I cannot find in this fact even the proverbial "scintilla" of evidence that he was entering upon a joy ride or any purpose of his own; but even such a scintilla furnishes no adequate foundation upon which to base a finding. Matter of Case, 214 N. Y. 199, 203, 204, 108 N. E. 408, and cases there cited. The record as it comes to us presented no issue as to the defendant's responsibility; it being uncontradicted by direct testimony or circumstance that at the time of the accident Soble was engaged in his master's service. The only question was whether the accident was the result of Soble's negligence.

In connection with this subject, appellant claims that the court below committed further error by charging, in substance, that if the plaintiff was not seated on the sidewalk that was the end of the case. Appellant would have us infer from this that the court below had charged that appellant's sitting in the gutter was contributory negligence as matter of law. It is quite plain to me, however, from a reading of the context, that what the court did charge was that, if plaintiff was not sitting on the sidewalk, then she could not recover, because then her whole theory of the case failed. This had no reference to the question of contributory negligence.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.