JOHN THOMAS RYNE, APPELLEE, v. LIEBERS FARM EQUIPMENT COMPANY, APPELLANT.

FILED JANUARY 13, 1922. No. 21894.

1. **Master and Servant:** NEGLIGENCE OF CHAUFFEUR. Where a servant, while driving an automobile, in his master's service, from the garage where it was kept to his place of employment, deviates slightly from the direct route, the master will not, merely on account of such deviation, be relieved from responsibility for the servant's negligence in the use of the automobile, whereby a third party is injured.

2. **Appeal:** REVIEW. A party will not be heard to complain in this court of the admission of evidence in the trial court to which he made no objection or exception.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*Max V. Beghtol, Rinaker, Kidd & Delehant, Carl E. Sunden* and *Carlisle L. Jones,* for appellant.

*Richard F. Stout, contra.*

Heard before LETTON, DEAN and DAY, JJ., BEGLEY and HOSTETLER, District Judges.

HOSTETLER, District Judge.

John Thomas Ryne prosecuted this action to recover damages from the Liebers Farm Equipment Company for personal injuries sustained by him as a result of being run into by a Ford truck owned by the Liebers Farm Equipment Company and operated by one L. F. Lindgren. Plaintiff alleged that said Lindgren was in the employ of the defendant and engaged in its business at the time of the collision. Negligence in the operation of the car by Lindgren was charged and damages were asked in the sum of $10,500.

The defendant denied generally the allegations of the petition, and alleged that, if plaintiff sustained any injuries, the same were caused by his own negligence.

The case was tried to a jury, and a verdict for $2,700 was returned for the plaintiff. Judgment was entered upon the verdict, and defendant appeals to this court.

The defendant admits that the driver, L. F. Lindgren, was guilty of negligence which caused plaintiff's injuries, and that the verdict is not excessive. The facts upon which these concessions are made and the instructions in so far as they relate to these propositions will, therefore, not be further considered in this opinion.

The appellant contends that the evidence fails to show that L. F. Lindgren, the driver of the truck, was at the time of the collision in the employ of defendant and engaged in its business with its knowledge and consent; that, for that reason, the verdict is not sustained by sufficient evidence. An examination of the evidence upon this point must be made.

O. H. Liebers, president of defendant, testified: "Q. And that truck was owned by the Liebers Farm Equipment Company? A. It was. Q. Upon the date of this injury? A. Yes, sir."

C. B. Gregory, who kept the Motor Inn, testified that defendant kept the truck in question there at the time of the accident.

Plaintiff testified: "Q. What did Liebers say about Mr. Lindgren? A. He said he was working for him. Q. When? A. At the time he hit me."

Mr. L. Ryne testified, in substance, that he talked with Mr. Liebers about Lindgren, and that Mr. Liebers said Lindgren was working for them after school hours, and that on the evening he hurt my boy he (Liebers) sent him over for the truck, and that he told Lindgren to get the truck and come back as he usually had done; Liebers said Lindgren was driving the truck at the time he ran over the boy; Liebers said Lindgren was working for him at the time he ran over the boy; Liebers said I

or we sent Lindgren over, I am sure he said one or the other.

Lawrence Lindgren's deposition was offered by defendant. He testified as follows: "Q. Had you ever driven a truck for them? A. At times. * * * Q. Went down and got their truck? A. Yes. Q. Where were you going to take the truck to, back to the store? A. Back to the Liebers Farm Equipment Company. * * * Q. You had driven the truck before that day? A. Yes. * * * Q. Who did you see down there that afternoon? A. Down where? Q. At the Liebers Farm Equipment Company? A. I saw the members of the firm. * * * Q. And prior to this time you had gone after the truck yourself? A. Yes. Q. And taken it over there? A. Yes. * * * Q. And you had been doing that for some time; is that true? A. Why, in part true. Q. In what part? A. I would not know where the truck was unless I was told to go and get it, and where it was. Q. That is true, isn't it? A. Yes. * * * Q. You had taken it out of there (Motor Inn) before? A. Yes. Q. Then you went there to get it, for the defendant in this case, that is true, isn't it? A. Yes. * * * Q. You were on your way back to the Farm Equipment Company when this accident happened? A. Yes. Q. With the intention of delivering the truck to them? A. Yes. Q. Did not have any other purpose, did you? A. No, did not have any other purpose. Q. Did you ever know of it (the truck) being used for any other purpose than making deliveries? A. Not specifically. Q. And you never used it for any other purpose than for making deliveries, that is a fact, isn't it? A. Presently, I cannot think that I used it for any other purpose. * * * Q. So, as far as you know, that car was always used in the business of the Liebers Farm Equipment Company and for no other purpose? A. Perhaps not always used. Q. So far as your knowledge goes? A. There was another car used at times. Q. But, so far as your knowledge goes, that

car was never used for anything else than their business? A. That is probably true. * * * Q. But you never used it for any purpose other than the business of the company? A. No. Q. And whenever you drove the car it was on their business? A. As far as I know. Q. At the time you drove north on Fourteenth street, and came to the end of the north side of Fourteenth and O, you were driving that truck? A. Yes. Q. And it is the same truck you have referred to in this testimony? A. Yes. * * * Q. Why did you go to get the truck? A. Perchance I should make some deliveries that afternoon the reason I got it. Q. For the Farm Equipment Company? A. Yes. Q. And you had been in the habit of going after the truck without their giving you express direction? A. Yes." On cross-examination he stated, in substance, that he was a sort of a shipping clerk; not a regular employee; Mr. Shelley was his superior; so far as he recalled he went after the truck on that day without specific instructions; could not recall why he went the route from the Motor Inn to the store; may have been curiosity, could not recall; did not deliver goods for them on the way; the Western Paint & Glass Company fire had been a big one.

Charlie Smith testified that the truck in question had been kept in the Motor Inn for some time prior to the accident; that prior to the accident he had upon several occasions observed Lindgren coming after the truck and taking it away, and had observed him returning the truck to the garage; that the engine was giving trouble by back-firing on the day of the accident when Lindgren took the car.

Walter Anderson testified that after the accident Lindgren drove the car to defendant's place of business, where he talked with the men in charge.

Mr. Liebers denied the testimony of plaintiff and L. Ryne as to his admission, and he was corroborated by other witnesses. The evidence of Mr. Lindgren is more or less uncertain and contradictory; he appeared re-

luctant to testify; he was defendant's witness. It was the duty of the jury to weigh the evidence. It was undoubtedly conflicting. The jury could fairly find from the evidence that Lindgren, according to his custom and by previous direct or implied authority, went after the truck with the intention of bringing it to the place of business of defendant and making deliveries, as he had often done before. Express directions from the master are not necessary to make him responsible for the acts of his servant. The character of his work had been outlined for him before the day of the accident. He was not required to wait for specific orders for every act or performance. A servant of that kind would be useless. A farm hand who would wait to have the master tell him every morning to hitch up his team and go to work would not hold his job very long. There is no evidence that this young man went after the truck for his own personal use. He went after it so he could deliver orders. He certainly had implied authority to do that.

The fire referred to was near the Motor Inn, and was not on the route he took and could not have been the cause of the detour. The detour he made was slight and negligible. The defendant had never directed him as to what route he should take. He therefore had a reasonable discretion. The traffic was heavy on the nearest route. His engine was not working well. Perhaps he thought best to keep out of the crowd. It is common knowledge to every one who runs an automobile that situations in front of one frequently require detours as a matter of safety.

From a careful reading of the evidence in this case, the court finds that the evidence is conflicting, and that the verdict of the jury is sustained by sufficient evidence. The verdict of a jury based on conflicting evidence will not be disturbed in this court. *Parker v. Loudon*, 80 Neb. 647. When the verdict of a jury is found upon conflicting testimony, the supreme court will not inquire into the preponderance of the evidence. *Cady Lumber*

*Co. v. Wilson Steam Boiler Co.,* 80 Neb. 607.

Appellant insists that the trial court erred in refusing to give instruction No. 1, requested by defendant, as follows: "You are instructed to find the verdict in favor of the defendant and against the plaintiff." In *Bank of Cortland v. Maxey,* 102 Neb. 20, this court held: "The trial court should not direct the verdict of the jury unless the evidence is so clear upon every point upon which the verdict must depend that reasonable minds could not come to any other conclusion." The evidence in this case is conflicting. The jury, and not the court, must determine the facts. The instruction was properly refused.

Appellant complains that the court erred in refusing to give defendant's instruction No. 3. The first part of the court's instruction No. 11 is practically identical with defendant's instruction, except that the trial judge used the word "directions" and the requested instruction used the words "express directions." The language of the court fairly submitted the issue and stated the law correctly. Express instructions are not required. Authority express or implied is sufficient.

Appellant complains of the refusal of the court to give defendant's requested instructions No. 4 and No. 5. The instructions of the court, Nos. 11, 9, and 2, covered these requests fairly in so far as the requested instructions stated the law. .

Appellant also complains of the failure of the court to give instruction No. 8, requested by defendant, as follows: "You are instructed that if you find from the evidence that the driver, Lindgren, secured defendant's truck without authority and direction of the defendant, but in express violation of his instructions, then defendant would not be liable in this case; you will then find for the defendant by your verdict." This instruction is given by the court in instructions 11, 9, and 2, except the words, "but in express violation of his instructions." There is no evidence in the record that Lindgren violated express instructions in going after the car. But the

court in his instructions told the jury to find for defendant if Lindgren went after the car without authority. Clearly, if Lindgren was told not to get the car, he would be acting without authority. The court properly refused the instruction.

Appellant complains that the trial court in instruction No. 11 stated that the mere fact of the detour in this case would not excuse the defendant. The deviation in this case under all the circumstances must appear to every reasonable mind slight or negligible. A variation of a couple of blocks in a city of congested traffic and varying conditions is not unreasonable. The defendant did not request the court to give an instruction submitting to the jury the question of whether the detour was slight or gross. In Berry, Automobiles 3d ed.) sec. 1086, it is said, quoting *Ritchie v. Waller*, 63 Conn. 155, 27 L. R. A. 161, 38 Am. St. Rep. 361, which has become a leading case: "In cases where the deviation is slight, and not unusual, the court may, and often will, as matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury."

It is generally held that slight deviation by the servant will not relieve the master from liability. Berry, Automobiles (3d ed.) sec. 1086; *Gibson v. Dupree*, 26 Colo. App. 324; *Ritchie v. Waller*, 63 Conn. 155; *Krzikowsky v. Sperring*, 107 Ill. App. 493; *Chicago Consolidated Bottling Co. v. McGinnis*, 51 Ill. App. 325; *Quinn v. Power*, 87 N. Y. 535, 41 Am. Rep. 392; *Pierce-Fordice Oil Ass'n v. Brading*, 212 S. W. (Tex. Civ. App.) 707; *Fisick v. Lorber*, 95 Misc. Rep. (N. Y.) 574; *Joel v. Morrison*, 6 Carr & P. (Eng.) *501; Babbitt, Motor Vehicles (2d ed.) sec. 884; *Jones v. Weigand*, 119 N. Y. Supp. 441; *Witte v. Mitchell-Lewis Motor Co.*, 244 Pa. St. 172; *Luckett v.*

*Reighard,* 248 Pa. St. 24; *Guthrie v. Holmes,* 272 Mo. 215.

We conclude that the instructions of the trial court are free from prejudicial error. Defendant's theory of the case was fairly submited to the jury. We are satisfied, after an examination of all the instructions given and those refused, that the jury were properly instructed upon the law of the case.

Defendant complains of the admission of the evidence concerning the alleged statements made by Mr. Liebers about Lindgren's employment. This evidence was admitted without objection. Where testimony is introduced without objection, error will not lie upon the ground that the testimony was improperly admitted. *Goken v. Dallugge,* 72 Neb. 22; *Olmstead v. City of Red Cloud,* 86 Neb. 528; *Wood v. City of Omaha,* 87 Neb. 213.

From a careful review of the entire proceedings in this case, we conclude that the judgment is right and ought to be affirmed, and it is so ordered.

                                        AFFIRMED.