## D'ALERIA v. SHIREY et ux.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1923. Rehearing Denied March 12, 1923.)

### No. 3895.

**1. Master and servant ☞332(2)—Chauffeur's agency held for jury.**

Where an automobile owned by defendant while in charge of her servant to be taken to the garage collided with another car, causing damage, prima facie defendant was liable for any negligence of the servant, and the jury were not bound to accept his uncorroborated testimony that at the time of the accident he was driving on his own business.

**2. Master and servant ⬅⟹302(2)—Slight deviation by chauffeur will not relieve master from liability for negligence.**

The fact that a servant, while taking an automobile to a garage for the master, drove a few blocks out of the direct way for purposes of his own, does not relieve the master from liability for injuries caused by his negligent driving.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Frank H. Rudkin, Judge.

Action at law by Charles Shirey and Jennie Shirey, his wife, against Kate I. d'Aleria. Judgment for plaintiffs, and defendant brings error. Affirmed.

Miller, Thornton & Miller, of San Francisco, Cal., and W. I. Gilbert, of Los Angeles, Cal., for plaintiff in error. ·

W. C. Cavitt, of San Francisco, Cal., for defendants in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The defendants in error obtained a judgment against the plaintiff in error for damages resulting from a collision between an automobile occupied by the former and an automobile belonging to the latter. The plaintiff in error, in her automobile, together with one Armand d'Aleria, arrived at 11 o'clock at night at the hotel in San Francisco where they both resided. The plaintiff in error went into the hotel leaving d'Aleria to take the automobile, which was a large locomobile touring car, to the garage where it was usually kept. Twenty minutes later, the collision occurred while the automobile was being driven by d'Aleria. The only testimony as to what occurred from the time when he left the hotel until the accident is furnished by him. Before giving his testimony he had married the plaintiff in error. He testified that the plaintiff in error told him to take the automobile to the garage, and that he replied that he would first call at a certain music store to see a music publisher. He testified that he did make the call, and that thereafter he picked up a friend whom he intended to take to the Fairmont Hotel, and that he was about to do so when the accident occurred. The court below instructed the jury that if the automobile in possession of the driver was at the time of the accident operated by him for his own purposes, and not in the transaction of any of the duties of his employment with the plaintiff in error, the latter could not be legally held responsible for damages; but that, if the automobile were driven for the purposes of the owner, she would be liable for the driver's acts of negligence.

[1, 2] The only assignment of error is that the court below denied the motion of the plaintiff in error for an instructed verdict in her favor. The plaintiff in error relies upon the doctrine that for a negligent act done by a servant the master is not liable, unless the act was done at a time when the servant was engaged in his master's business. The evidence sufficiently shows that d'Aleria, although not engaged as a chauffeur by the plaintiff in error, sustained such relation to her that,

in returning the automobile to the garage, he acted as her servant. He had been employed by her as a musician. He had, as the evidence clearly indicates, acted as her agent in going to the garage to get the automobile for her, in driving it for her, and in returning it to the garage after she had used it. He had no means with which to respond in damages, and it is obvious that both he and she had every incentive to relieve her from responsibility for the results of the accident. Prima facie, the plaintiff in error was liable for the negligent act of d'Aleria, for the collision occurred from the negligent diving of an automobile belonging to the plaintiff in error, and driven by her servant. The jury were not bound to believe all the testimony that was offered on behalf of the plaintiff in error to overcome that presumption. As to the instructions under which the automobile was placed in the charge of the driver, the testimony of the two parties who alone knew the facts differed. What was done with the automobile, during the ensuing twenty minutes, the driver alone knew. The jury were not bound to believe that he picked up a friend en route or that, if he did, he intended to go elsewhere than to the garage. There was no corroboration of the driver's testimony by the person who, he said, was with him at the time of the accident, and there is nothing in the record to corroborate the driver's evidence that such a person was with him at that time. The jury may have believed that the errand of d'Aleria to a music store on Market street was an errand on behalf of the plaintiff in error. She did not testify that it was not. If a servant, while about his master's business, makes a deviation of a few blocks for ends of his own, the master is nevertheless liable. Ryne v. Liebers Farm Equipment Co. (Neb.) 186 N. W. 358; Clawson v. Pierce-Arrow Motor Car Co., 231 N. Y. 273, 131 N. E. 914; Donaghue v. Hayden (Cal. App.) 208 Pac. 1007; Ritchie v. Waller, 63 Conn. 155, 28 Atl. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361; Fisick v. Lorber, 95 Misc. Rep. 574, 159 N. Y. Supp. 722; Gibson v. Dupree, 26 Colo. App. 324, 144 Pac. 1133; Witte v. Mitchell-Lewis Co., 244 Pa. 172, 90 Atl. 528, Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854, Ann. Cas. 1918D, 1123.

The judgment is affirmed.