FRED A. GALPIN, APPELLEE, V. DAN H. FISHER, APPELLANT.

FILED FEBRUARY 15, 1923. No. 22204.

Master and Servant: NEGLIGENCE OF CHAUFFEUR. The defendant furnished his minor sons an automobile in which to drive to and from school, and one of the sons, while using the car for such purpose, negligently injured plaintiff. The father had directed the sons to drive from home directly to a certain garage, leave the car there till close of school, then drive directly home; the father knew that his orders had been violated but permitted the sons to continue using the car thereafter. The sons drove the car, on the day in question, to a garage, then took the car out a few minutes before school opened, and with some companions. drove near the school building for a pleasure ride, during which plaintiff was injured. *Held,* under the rule announced in *Ryne v. Liebers Farm Equipment Co.,* 107 Neb. 454, the issue was properly submitted to the jury.

APPEAL from the district court for Custer county: BRUNO O. HOSTETER, JUDGE. *Affirmed.*

*Sullivan, Squires & Johnson* and *P. C. Spencer,* for appellant.

*N. T. Gadd* and *W. A. Prince, contra.*

Heard before MORRISSEY, C.J.; LETTON, DEAN, ALDRICH and FLANSBURG, JJ.; RAPER and TROUP, District Judges.

RAPER, District Judge.

The petition alleges that the defendant furnished his minor sons an automobile to drive to and from school,

and that one of the sons, while using the car for such purpose, through his negligence, injured plaintiff.

The testimony shows that defendant, who lived several miles from Broken Bow, had two minor sons attending school in that city; that defendant kept a Ford automobile for their regular use in driving to and from school, and also owned a Hudson car, which the boys drove to school on some occasions. The defendant, according to his testimony, which was not disputed, had given directions to the sons to drive from home directly to the Ford garage in Broken Bow, where he had arranged for storage of the car; and leave the car in the garage until close of school, and then return home, and forbade them using the car for any other purpose, and that he directed them to never permit others to ride with them. There is evidence that the boys had used the cars on different occasions to drive to town for various purposes besides going to school, and used the cars to carry others at times about the town, and that the father knew of such occurrences, and, because of such acts, had threatened to stop the sons from using the cars and require them to use a horse and buggy in going to school, but, instead of prohibiting the use of the automobiles, the father permitted the sons to continue using them. On the morning of plaintiff's injury, the father was at work in the field when the boys, on going to the garage for the Ford car to start for school, discovered the Ford car had a flat tire, so they took the Hudson and drove to the Hudson garage in Broken Bow to have some slight repairs made. They intended to leave the car in the Hudson garage and go to school, but, on looking at the time and finding it about 20 or 25 minutes before school opened, took the car out of the garage, picked up a couple of school companions, and started out for a pleasure drive until time for school to begin. On this trip they drove several blocks from the garage, passed the schoolhouse a couple of blocks, turned and came back toward the schoolhouse, where a number of children were

in and about the school grounds, where Marion Fisher, the 19 year old son of defendant, who was driving the car, struck a little girl and ran the car onto the school ground, where the plaintiff was injured. There is ample evidence to sustain the alleged negligence, and no ob-jection is raised to the finding of the jury, on that question, nor as to the amount the jury allowed plaintiff for his damages.

The defendant's contention is that, because he had given the sons positive directions limiting the use of the car, and that the sons, while using the car in disobedience of his orders, injured plaintiff, he is not responsible for their acts committed during such unauthorized use of the car.

The evidence was such that, if the case had been submitted to the jury on the theory that the father had furnished the automobile for the customary convenience and pleasure of the family, under the rule adopted by this court in *Stevens v. Luther,* 105 Neb. 184, and *Linch v. Dobson,* 108 Neb. 632, the jury might have found the father liable. However, the petition, perhaps, was not so drawn as to permit such submission. The trial court took the view that, under the pleadings and evidence, the case came within the principles announced in *Ryne v. Liebers Farm Equipment Co.,* 107 Neb. 454, and in-structed the jury that, if they found that Marion Fisher had been directed to drive the automobile over a certain route and place the car in the Ford garage, and that Marion Fisher deviated materially and substantially from the instructions so given him, then the defendant would not be liable, but, if the deviation had been only slight, then such deviation would not of itself relieve the defendant from liability. This instruction was more favorable to the defendant than he was entitled to under the pleadings and evidence.

The evidence is sufficient to support the verdict on that

theory, and it is unnecessary to review the authorities, as the cases in this state above cited are controlling. The verdict and judgment should be affirmed.

AFFIRMED.