### 15407. LIMERICK *v.* ROBERTS.

BLOODWORTH, J. 1. Under the particular facts of this case, and in the light of the entire charge, the court did not err, for any reason assigned, in instructing the jury as follows:

(*a*) "Now there is no question in this case as to any negligence on the part of Mr. Roberts [the plaintiff]. Nobody contends or can contend under the evidence in this case that he was negligent."

(*b*) "I charge you further that if a servant or employee, while engaged in the business of his master, makes a slight deviation for ends of his own, the master remains liable when the act was so closely connected with the master's affairs that, though the servant may derive some benefit from it, it may nevertheless fairly be regarded as within the course of his employment." See Ryne *v.* Liebers Farm Equipment Co., 107 Neb. 454, 460 (186 N. W. 358), and citations; Dowdell *v.* Beasley, 205 Ala. 130 (3) (87 So. 18); Fisick *v.* Lorber, 159 N. Y. Supp. 722 (2) (19 Misc. 574); Gibson *v.* Dupree, 26 Col. App. 324 (2) (144 Pac. 1133); Devine *v.* Ward Baking Co., 188 Ill. App. 590 (2); Jessen *v.* Peterson, 18 Cal. App. 349 (123 Pac. 219); Brimberry *v.* Dudfield Lumber Co., 183 Cal. 454 (2) (191 Pac. 894).

2. There is evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 7, 1924.

Action for damages; from city court of Savannah—Judge Freeman. January 9, 1924.

The automobile of Roberts, when standing in a lane in the rear of a store which he had entered for the purpose of making a purchase, was struck and damaged by a truck owned by Limerick and driven by Friedman, an employee of Limerick. Roberts sued Limerick and obtained a verdict for damages. At the trial Friedman testified, that at the time the damage was inflicted, Roberts, who conducted a business in the city of Savannah under the name of Chero-Cola Bottling Company, was out of the city, and his (Friedman's) duties were "to take charge of the office and the money as it came in, tend to the deposits, write the letters, and take charge of everything;" that the truck-drivers took their orders from him;

that the principal of the Cuyler-street school owed the Chero-Cola Bottling Company for two cases of Chero-Cola, and he (Friedman) "had to take the matter up with him for collection," and, with the intention of going to the school to collect the amount due, he directed the driver of the truck to meet him at his house at a certain time, with the truck, and the driver went there with the truck. He further testified: "I had to go up town a minute, and he came a few minutes ahead of time, and, . . instead of letting the truck wait there until I came back, I told him we would go up town and from there to the Cuyler-street school; so I went around on Congress street to see Frank Lasker, and from there I went out Jefferson street on my way to Cuyler-street school at that time. The reason I deviated from my course, I was without my coat and hat, . . and told the darkey I would go get it. So we run York [street] and Barnard and went in Barnard at a moderate rate of speed, and Mr. Roberts' car was parked in the lane and left a narrow space to pass, and . . as I went into the lane I struck a projecting rock and it knocked the truck sideways into Mr. Roberts' car. . . At this particular time I was in the business of the company; when this accident happened I was tending to the company's business. I was to run up to Congress street to see my friend Frank Lasker a few minutes, but the truck came a few minutes ahead of time, and, in order to save time for the company, I went with the truck. . . I went there to see him on my own business, individual business. . . I came on back, . . came on south by Barnard into the lane, where I hit Mr. Roberts' car. The reason I was going to the house was because I had left my coat and hat, and was going by after it. I drove all the way from my house down to this place of my friend and back to my house without my coat and hat, and I came back to the house, and the reason I stopped there was to get my coat and hat. I wanted my coat and hat to be properly attired to collect the account." In regard to the collection he testified: "I had tended to such matters for the Chero-Cola Bottling Company before, and have gone on the truck of the Chero-Cola Bottling Company before. I would go on the instruction of Mr. Limerick, or use my own discretion, either one."

*Seabrook & Kennedy, E. A. McWhorter,* for plaintiff in error,

cited: 6 *Ga. App.* 470, 472; 3 *Ga. App.* 50; 139 *Ga.* 512; 19 *Ga. App.* 799; 20 *Ga. App.* 242; 59 N. E. 238; 50 N. E. 500; 144 Pac. 1123; 181 N. Y. Supp. 573; 157 N. W. 753; 210 S. W. 167; 159 N. W. 316; 71 Atl. 535; 183 Pac. 295; 9 *Ga. App.* 327.

*Connerat & Hunter,* contra, cited: 63 Conn. 155 (28 Atl. 29, 27 L. R. A. 161); Berry on Automobiles (3d ed.), § 1088; 205 Ala. 130 (87 So. 18); 26 Colo. App. 324 (144 Pac. 1133); 159 N. Y. Supp. 722; 232 Mass. 576 (122 N. E. 743); 107 Neb. 454 (186 N. W. 358); 260 Pa. 466 (103 Atl. 882); 91 Wash. 637 (158 Pac. 529); 244 Pa. 172 (90 Atl. 528); 207 Mo. App. 137 (231 S. W. 277); Civil Code, § 4413, 6 *Ga. App.* 470 (distinguished).